Nierenberg, Glixon, Zeif & Weinstein, New York City, for plaintiff.

McLaughlin, Fiscella & Biancheri, New York City, for Demby.

**Wendy Dee CRIMI, as Administratrix of the Estate of David Lambert, Plaintiff,**

v.

**ELLIOT BROS. TRUCKING COMPANY, Inc. and Floyd H. Demby, Defendants.**

**No. 67–Civ. 1390.**

United States District Court
S. D. New York.

Feb. 9, 1968.

OPINION

EDELSTEIN, District Judge.

This is a motion to dismiss the complaint for lack of *in personam* jurisdiction over defendant Floyd H. Demby, or, in the alternative, to quash the summons allegedly served upon Demby for improper service.  The other defendant, Elliot Bros. Trucking Company, Inc., has not appeared on this motion.

On October 3, 1966, David Lambert, plaintiff's intestate, was killed when he was struck by a tractor-trailer driven by Demby, an interstate trucker and domiciliary of the State of Delaware who derives substantial revenue in interstate commerce but does not do or solicit any business in New York State.  Concededly the accident occurred in Connecticut, somewhere along the Connecticut Turnpike, after Demby had driven through New York on his way from Delaware to Connecticut.  Plaintiff brought this action under the Connecticut Wrongful Death Act, Gen.Stat.Conn. § 52–555 (1958).  Plaintiff predicates jurisdiction over Demby solely upon a subsection of the New York Long Arm Statute:

§ 302.  Personal jurisdiction by acts of non-domiciliaries

(a) Acts which are the basis of jurisdiction.  As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or admin-

istrator, who in person or through an agent:

\* \* \* \* \* \*

3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

\* \* \* \* \* \*

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce \* \* \*. N.Y. CPLR § 302(a), par. 3(ii) (McKinney Supp. 1967).

Subsection 302(a), par. 3, a 1966 amendment to the Long Arm Statute, was enacted to fill the jurisdictional gap found by the New York Court of Appeals in Feathers v. McLucas, 15 N.Y.2d 443, 458–464, 261 N.Y.S.2d 8, 209 N.E.2d 68 (1965); 2 1966 Session Laws of New York 2911 (McKinney 1966). In *Feathers,* a propane gas tank which had been manufactured in Kansas exploded in New York, causing injury therein. The New York Court of Appeals held that there was no jurisdiction over the defendant under the old Section 302.

The court stated, in sum, that based on the plain language of the statute as well as its legislative history, old Section 302(a), par. 2 covered only a tortious act committed by a non-domiciliary in New York, and that any extension of its scope was a matter for the legislature rather than the courts. The legislature reacted to the *Feathers* decision by amending Section 302 to give the New York courts express power to exercise personal jurisdiction over a non-domiciliary charged with tortious activity out of state causing injury in the forum. The *Feathers* situation is a product liability type of case in which a defective article deriving from one state does damage in another. Although it is conceivable that there are other situations in which jurisdiction might lie under Section 302(a), par. 3, it is obvious that the legislature was only concerned with a product liability fact pattern. There-

fore, guarding against the usurpation of creating jurisdiction when none exists, the court will only find jurisdiction in a non-*Feathers* type of case when it is clear that such jurisdiction exists. This is not that case. Despite plaintiff's claims that her intestate's demise in Connecticut caused an injury to his estate in New York, it is patent that the facts before the court do not present a *Feathers* situation. It hardly follows that an injury was caused in New York merely because the estate can recover damages in a wrongful death action. Plaintiff apparently recognizes the necessity of bringing her case under the Connecticut Wrongful Death Act instead of the New York analog. No matter how much one might stretch or strain Section 302(a), par. 3, the cold hard fact still remains that the actual injury caused by Demby's alleged tort was the death of Lambert in Connecticut. Since the injury was not in New York, no jurisdiction can be exercised in this forum.

Since the complaint in regard to Demby must be dismissed for lack of *in personam* jurisdiction over him, it is unnecessary to consider the alleged irregularities in the service of the summons upon Demby.

Motion granted.

So ordered.