Jack M. BERNARD, Plaintiff,

v.

RICHTER'S JEWELRY CO., Inc., d/b/a
Richter's Loan Company, a Florida
corporation, Defendant.

No. 70 Civ. 2838.

United States District Court,
S. D. New York.

Nov. 30, 1971.

Jack M. Bernard, pro se.

Sinclair & Louis, and Harry H. Lipsig, New York City, for defendant; Jerrold I. Ehrlich, New York City, of counsel.

## OPINION

FREDERICK van PELT BRYAN, District Judge:

This pro se action under the Truth in Lending Act, 15 U.S.C. § 1601 et seq., arises out of the renewal of plaintiff Bernard's loan of $450 from defendant Richter's Jewelry Co., Inc. (Richter), secured by certain jewelry. Bernard alleges that the collateral security note and loan agreement renewing the loan did not set forth on its face certain terms of the loan as required by the Act and by Regulation Z issued thereunder by the Governors of the Federal Reserve System. He seeks judgment for twice the amount of the finance charges reserved in the renewal loan agreement amounting to $564.72 and attorneys' fees.

Defendant Richter moves pursuant to Rule 12(b), Fed.R.Civ.P. to set aside service of process and to dismiss for lack of jurisdiction over the person or, in the alternative, to dismiss for improper venue.

Bernard, who seems to be an attorney, is a resident of New York. Richter is a Florida corporation engaged in the business of making loans on jewelry, with its principal and only place of business in Miami, Florida. It is not qualified to do business in New York, has no office or agents or representatives or any property in New York and contends that it does no business here.

Some time prior to 1969, Bernard borrowed $450 from Richter in Miami, secured by certain jewelry. In August 1969, upon the expiration of the term of the original loan, Richter in Miami telephoned and wrote Bernard in New York requesting a renewal of the loan. Bernard acceded to that request and Richter sent a renewal note and loan agreement to him in New York by mail from Miami which Bernard signed in New York and returned by mail to Richter in Miami. Thereafter, Bernard sent interest payments by mail from New York to Richter in Miami.

The violations of the Truth in Lending Act (effective July 1, 1969) charged in the complaint are based on alleged omissions in the renewal note and loan agreement signed by Bernard in September, 1969.

The summons and complaint were served on Richter at its place of business in Miami by the United States Marshal. Richter contends that such service was invalid and wholly ineffective and that this court has not acquired personal jurisdiction over it.

█ Bernard bases jurisdiction solely on § 1640(e) of the Truth in Lending Act, which provides that "[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." He contends that this language authorizes service of process in actions under the Act on a nationwide basis wherever defendant may be found.

There is no merit to this contention. Bernard appears to have confused the subject matter jurisdiction conferred on district courts by § 1640(e) with *in personam* jurisdiction. That section does not deal with service of process or *in personam* jurisdiction at all, and does not authorize service of process on this defendant in Miami in an action brought in this district.

Rule 4(e), Fed.R.Civ.P. provides that service of process on a party not an inhabitant of or found within the state in which the district court is sitting may be made under the circumstances and in the manner prescribed by a statute of the United States or, if there be no such statute, in the manner prescribed by a statute or rule of court of the state in which the district court is held providing for service upon a party not an inhabitant of or found within the state. Defendant Richter is plainly not an inhabitant of New York State and cannot be found here.

Section 1640(e) of the Act is not, as plaintiff contends, a federal statute authorizing service of process upon a party not an inhabitant of or found within the state in which the district court is sitting. There is nothing in the language of § 1640(e) which lends the slightest support to such a contention. What § 1640(e) does is to confer subject matter jurisdiction over an action brought under the Act, regardless of the amount in controversy, on any United States District Court. This was plainly designed to eliminate the $10,000 federal question jurisdictional requirement of 28 U.S.C. § 1331 since recovery under the Truth in Lending Act is limited to $1,000. Federal statutes providing for out-of-state or nationwide service clearly spell out such authorization. Comparison of the

language of § 1640(e) with that of such statutes makes it abundantly clear that there is no such authorization here.[1] *See, e. g.,* 28 U.S.C. §§ 1335, 1397, 2361; 15 U.S.C. § 5; 28 U.S.C. § 1391. *See, generally* 2, Moore's Federal Practice ¶ 4.42[1]. Thus, the out-of-state service attempted here was not made pursuant to a statute of the United States providing for such service under Rule 4(e).

 The alternative requirement of Rule 4(e) for service in the manner prescribed by a New York State statute or rule providing for service upon a party not an inhabitant of or found within the state has not been met either. N.Y.C.P. L.R. § 313 authorizes extraterritorial service when a party is subject to the jurisdiction of the New York Courts under N.Y.C.P.L.R. §§ 301 and 302. Here the applicable provision is § 302(a) (1) which provides for personal jurisdiction over a nondomiciliary if he "transacts any business within the state" and the cause of action arose out of that transaction.

It is plain that Bernard's claim under the Truth in Lending Act did not arise out of the transaction of business by the defendant in New York, within the meaning of § 302(a) (1). Defendant Richter had no connections whatsoever with New York. The original loan transaction was entirely in Florida. The mere fact that Richter in Miami telephoned and wrote to Bernard in New York with respect to renewal and mailed him from Miami the renewal note and loan agreement which he executed here does not constitute the transaction of business in this state within the meaning of § 302(a) (1) as construed by the New York Courts. *See* M. Katz & Son Billiard Products, Inc. v. G. Correale & Sons, Inc., 20 N.Y.2d 903, 285 N.Y.S.2d 871, 232 N.E.2d 864 (1967) and McKee Electric Co. v. Rauland-Borg Corp., 20

N.Y.2d 377, 283 N.Y.S.2d 34, 229 N.E.2d 604 (1967). *See generally* Weinstein, Korn & Miller, New York Civil Practice, §§ 302.01 to 302.10.

Since there is no authorization for service of process in this action on defendant in Miami, service is vacated and set aside, and the action is dismissed for lack of jurisdiction over the person.

It is so ordered.

---

1. Nor is there anything in the legislative history of the Truth in Lending Act which gives the slightest support to the contention that § 1640(e) authorizes out-of-state service.