■ STUART C. GOLDBERG, Appellant, v EMPIRE FIRE AND MARINE INSURANCE Co. et al., Respondents, et al., Defendants.—Order, Supreme Court, New York County, entered January 14, 1980, which granted the motion of defendants-respondents to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 8) on the ground that the court lacks *in personam* jurisdiction, unanimously reversed, on the law, and the motion denied, with costs and disbursements. It is alleged that plaintiff, while an associate attorney in the Sitomer law firm, was assigned to work on the registration statement to be filed with the SEC on behalf of the firm's client, Empire Fire and Marine Insurance Company. Specifically, he was asked to research and render a legal opinion as to the need for disclosure in the registration statement of the firm's purported substantial and non-contingent legal fee and the firm's purported purchase of 200 shares of Empire stock. Plaintiff, after his report was acted upon with respect to the registration statement, allegedly discovered that the financial status of Empire was misrepresented in the statement because the law firm's fee was contingent and the firm had not purchased any Empire stock outright. Plaintiff resigned from the firm and informed the SEC of the misrepresentation. The alleged vindictive campaign by his former employers and their client to attribute the falsity of the registration statement to plaintiff gave rise to the instant action by plaintiff to recover damages for an alleged conspiracy to destroy his reputation. Special Term granted the motion of certain defendants, to wit, Empire and two of its officers, to dismiss the complaint for lack of *in personam* jurisdiction—these defendants being nonresidents, i.e., residents of Nebraska. It did so, despite recognition that these defendants did transact business in New York. The rationale for this result was that plaintiff's cause of action was not based on the transactions engaged in by said defendants in New York. Clearly, these defendants did transact business in New York and the alleged injury to plaintiff's professional reputation flows directly from Empire's relationship with the Sitomer law firm. There is a nexus between defendants' transaction of business in New York and plaintiff's cause of action, because the misrepresentations purportedly made by Empire and the falsity in the registration statement are the alleged causes of civil actions against plaintiff, and his tarnished reputation. Accordingly, *in personam* jurisdiction was properly acquired

under CPLR 302 (subd [a])—the long-arm jurisdiction statute. Concur—Birns, J. P., Markewich, Lupiano and Bloom, JJ.