■ KAREN C. PORCELLO, as Administratrix of the Estate of DANIEL J. CHENEY, Deceased, Respondent, v HAROLD L. BRACKETT, as Administrator of the Estate of HAROLD L. BRACKETT, III, Deceased, Appellant. — Orders unanimously reversed, with costs, motion granted and complaint dismissed. Memorandum: Plaintiff's decedent, Daniel J. Cheney, was a New York resident and a student at Cornell University. Defendant's decedent, a Massachusetts resident, was also a student at Cornell. At the end of the 1978 spring semester Cheney, Brackett and three other students arranged to drive from Ithaca to Colorado and back using Cheney's automobile and sharing the expenses and driving. On May 23, 1978 while they were traveling on the Ohio Turnpike with Brackett driving, they had a head-on collision with a tractor trailer resulting in the death of Brackett, Cheney and two of the other passengers. Plaintiff, administratrix of Cheney's estate, commenced this wrongful death action by personal service of a summons and complaint on defendant, Brackett's administrator, in Massachusetts. Defendant answered, asserting lack of jurisdiction as an affirmative defense and subsequently moved for dismissal (CPLR 3211, subd [a], par 8). Special Term denied the motion and defendant appealed. Special Term sustained personal jurisdiction under CPLR 302 (subd [a], par 3, cl [i]) which provides as follows: "§ 302. Personal jurisdiction by acts of nondomiciliaries. (a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nondomiciliary, or his executor or administrator, who in person or through an agent * * * 3. commits a tortious act without the state causing injury to person or property within the state * * * if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state". Special Term found that Brackett's alleged negligence in Ohio caused an injury to "property" within New York, namely, injury to property rights which Cheney's distributees suffered as a result of his death (EPTL 5-4.1). Additionally, the court held that Brackett had engaged in a persistent course of conduct in New York by virtue of his three-semester attendance at Cornell and his agreement to make the trip to Colorado and that such conduct established sufficient contacts so as not to offend the traditional notions of fairness required for due process. While the "persistent course of conduct" provision may be broad enough to encompass Brackett's activities in this State, his alleged negligence did not cause an injury in New York. In *Crimi v Elliot Bros. Trucking Co.* (279 F Supp 555, 556), faced with an identical argument, the court responded as follows: "Despite plaintiff's claims that her intestate's demise in Connecticut caused an injury to his estate in New York, it is patent that the facts before the court do not present a *Feathers* situation. It hardly follows that an injury was caused in New York merely because the estate can recover damages in a wrongful death action. Plaintiff apparently recognizes the necessity of bringing her case under the Connecticut Wrongful Death Act instead of the New York analog. No matter how much one might stretch or strain Section 302(a), par. 3, the cold hard fact still remains that the actual injury caused by Demby's alleged tort was the death of Lambert in Connecticut. Since the injury was not in New York, no jurisdiction can be exercised in this forum." The injury contemplated by the statute must be direct and not remote or consequential (see *McGowan v*

*Smith,* 72 AD2d 75, affd 52 NY2d 268; *Fantis Foods v Standard Importing Co.,* 49 NY2d 317, 326-327). This wrongful death claim arises out of Cheney's death in Ohio as a result of the alleged negligence of Brackett and there is no basis for jurisdiction under CPLR 302 (subd [a], par 3, cl [i]). Plaintiff contends, alternatively, that jurisdiction can be obtained pursuant to CPLR 302 (subd [a], par 1) in that Brackett's agreement with Cheney regarding the trip to Colorado was the transaction of business in New York and that the accident arose out of that agreement. Although the "transacting business" provision in paragraph 1 can be applied to actions in tort when supported by a sufficient showing of facts (see *Singer v Walker,* 15 NY2d 443, 464-467, cert den *sub nom. Estwing Mfg. Co. v Singer,* 382 US 905; *Goldberg v Empire Fire & Mar. Ins. Co.,* 79 AD2d 533), this agreement cannot be characterized as "transacting business." It was a social agreement among students to share the expenses of a pleasure trip. Additionally, subjecting defendant to in personam jurisdiction would not comport with due process. In reviewing the principles which govern the constitutional requirements for personal jurisdiction, we recently adopted a three-step analysis formulated by the Sixth Circuit of the United States Court of Appeals: " 'First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.' " (*Money-Line, Inc. v Cunningham,* 80 AD2d 60, 62.) Under that analysis personal jurisdiction over the defendant cannot be justified. Nor can plaintiff support the position that Brackett was a domiciliary of New York. He was born in Massachusetts and resided there with his parents until he attended Cornell. He was registered to vote in Massachusetts and returned to his parents' home between semesters and during the summer break. Plaintiff failed to sustain his burden to establish that Brackett intended to establish a permanent residence in New York (*Matter of Ferris,* 286 App Div 631, mot for lv to app den 1 AD2d 793, order resettled 2 AD2d 826). The mere fact of a person's presence as a student in an out-of-State university is not sufficient to establish a change of domicile (see *Matter of Seitelman v Lavine,* 36 NY2d 165, 171). (Appeal from orders of Onondaga Supreme Court, Roy, J. — set aside service of summons.) Present — Dillon, P. J., Simons, Hancock, Jr., Denman and Schnepp, JJ.