**Joseph Richard GUARDINO, Plaintiff,**

v.

**AMERICAN SAVINGS & LOAN ASSOCIATION OF FLORIDA, Defendant.**

**No. CV 83–4408.**

United States District Court,
E.D. New York.

Aug. 6, 1984.

Joseph Richard Guardino, pro se.

Broad & Cassel by Louis Horowitz, Bar Harbor Islands, Fla., for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiff Joseph Richard Guardino brings this action against American Savings and Loan Association of Florida ("the bank") for violation of fourteenth amendment due process, damage to his credit and business reputation, and infliction of severe emotional distress, apparently stemming from the bank's July 1983 foreclosure on plaintiff's property in Florida. Mr. Guardino is a domiciliary of New York and a member of its Bar, and proceeds *pro se* in this action. The bank is a Florida banking corporation with its only place of business in Florida.

Defendant now moves to dismiss the action pursuant to Rule 12(b)(2), (c) and (h), Fed.R.Civ.P., for failure to state a claim on which relief can be granted, lack of subject matter jurisdiction, insufficiency of service, and lack of personal jurisdiction over the defendant. As the Court finds that it lacks *in personam* jurisdiction over the defendant, the other grounds for dismissal will not be discussed.

## I.

A federal district court must look to the long arm statute of its forum state to obtain personal jurisdiction over a party who is not an inhabitant of the state. *Arrowsmith v. United Press International,* 320 F.2d 219 (2d Cir.1963). In other words, this Court must look to the New York long arm statute to determine whether it has personal jurisdiction over the defendant Florida bank.

New York Civil Practice Law Section 301 (McKinney 1972) provides for jurisdiction over persons outside New York "as might have been exercised heretofore." In effect this section provides for jurisdiction over foreign corporations "doing business" in New York. The meaning and application of "doing business" is interpreted in a large body of decisional law. Briefly, "doing business" in New York State means "not occasionally or casually, but with a fair measure of permanence and continuity." *Tauza v. Susquehanna Coal Co.,* 220 N.Y. 259, 267, 115 N.E. 915 (1917). Although a number of factors are examined in determining when a foreign corporation is doing business, those frequently considered are whether the corporation has an office, mailing address, or telephone line within the state, whether it solicits or advertises within the state, and whether it has an agent located in New York. *Faherty v. Fender,* 572 F.Supp. 142 (S.D.N.Y. 1983); *Bernard v. Richter's Jewelry Co.,* 53 F.R.D. 606 (S.D.N.Y.1971).

Alternatively, a court sitting in New York may have jurisdiction over a person or corporation not within the state pursu-

ant to N.Y.Civ.Prac.L. Section 302 (McKinney 1972), which provides in pertinent part:

(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nondomiciliary, or his executor or administrator who in person or through an agent:

1. transacts any business within the state; or

2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act; if he

(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

4. owns, uses or possesses any real property situated within the state.

## II.

 While the burden is on the plaintiff to show by the facts that the Court has personal jurisdiction over the defendant, the Court must consider the pleadings and any supporting affidavits in the light most favorable to the plaintiff. *Top Form Mills, Inc. v. Socie[tá] Nationale Industria Applicazioni Viscosa*, 428 F.Supp. 1237, 1241 (S.D.N.Y.1977). Nevertheless, plaintiff is an attorney and his complaint will not be given the very liberal consideration afforded non-lawyer *pro se* parties.

Plaintiff's complaint is short and lacking in some necessary detail. Notably, the plaintiff has failed to allege specifically the grounds for subject matter jurisdiction in this Court. Such defects could be cured by amendment if the Court were not convinced that it lacked *in personam* jurisdiction. Plaintiff's response to the defendant's motion to dismiss is not much more informative than his complaint. Nevertheless, the plaintiff makes out the following facts: he is or was the sole owner of real property located in Deerfield, Florida, in 1974 the defendant bank provided a mortgage on the property in the amount of $10,700.00, plaintiff made mortgage payments through June 1983, and the bank has lent money to other unnamed and unspecified New York residents. As a consequence, plaintiff asserts, he has suffered damage to his business reputation, financial credit, and "severe emotional stress," presumedly in addition to the loss of the property, although it is not clear from the papers that the property has been sold.

## III.

 Turning to the first means of obtaining long arm jurisdiction over a foreign corporation, the Court concludes that the plaintiff has made out no facts whatsoever that support a finding that the defendant bank is "doing business" in New York pursuant to N.Y.Civ.Prac.L. Section 301. Nor is there a logical reason to assume that a Florida savings bank maintains an office, or telephone, or solicits business in this state. Accordingly, there is no *in personam* jurisdiction over the defendant under this provision.

 New York Civ.Prac.L. Section 302(a)(1) provides for personal jurisdiction over a nondomiciliary who transacts business within New York state. Again, plaintiff has not presented facts that would support a conclusion that the bank has transacted business in New York. A contract or a loan would be a business transaction under this provision. When determining whether the business was transacted in New York the Court must examine the totality of defendant's activities within the forum to see if purposeful acts have been performed in New York, albeit acts prelimi-

nary or subsequent to execution of the contract or loan. *Galgay v. Bulletin Company, Inc.*, 504 F.2d 1062, 1064 (2d Cir. 1974) (quoting *Longines-Wittnauer Watch Company v. Barnes and Reinecke, Inc.*, 15 N.Y.2d 443, 457, 261 N.Y.S.2d 8, 18, 209 N.E.2d 68, 75 (1965)). Strong emphasis is placed on the locale of the original contract negotiations. *Dogan v. Harbert Construction Corp.*, 507 F.Supp. 254, 260 (S.D.N.Y. 1980). In this case plaintiff asserts that he obtained a mortgage on Florida property from a Florida savings bank. There is not even the merest allegation that any material element in the application, negotiation, or execution of the mortgage agreement took place anywhere but Florida. The plaintiff's bald statement that defendant has lent money to himself and other unnamed New York residents is not a basis for finding that defendant did any act that would permit this Court to invoke the benefits and protection of New York law. *Hubbard, Westervelt and Mottelay, Inc. v. Harsh Building Company*, 28 A.D.2d 295, 284 N.Y.S.2d 879, 881 (1st Dept.1967) (quoting *Longines-Wittnauer v. Barnes and Reinecke*, 15 N.Y.2d at 452, 261 N.Y.S.2d at 14, 209 N.E.2d at 72). It would be highly questionable to hold that the bank was transacting business in New York simply because some of its debtors are New York residents.

 Subsection 302(a)(2) provides for personal jurisdiction over one who commits a tortious act within New York. There is no allegation that defendant has committed a tort within the state. Nor is there any allegation that defendant owns, uses, or possesses any real property in New York. N.Y.Civ.Prac.L. Section 302(a)(4). Thus there is no basis for personal jurisdiction under either subsections 302(a)(2) or 302(a)(4) in this case.

## IV.

 There remains N.Y.Civ.Prac.L. Section 302(a)(3), which confers jurisdiction over defendants who have committed tortious acts outside the state causing injury within the state, if the defendant regularly does or solicits business in New York or has substantial interstate commerce and could reasonably expect the act to have consequences in New York. The subsection, however, explicitly excludes defamation of character from the tortious acts that are a basis for long arm jurisdiction. Defamation is defined as communication that harms the reputation of another so as to deter others from associating or dealing with him. Restatement, Second, Torts Sections 559, 563. This clearly is plaintiff's first pleaded cause of action for damage to his reputation and credit, and it cannot be a basis for long arm jurisdiction. Equally, since the lack of procedural due process caused plaintiff to lose property outside New York, the second cause of action does not come within the provisions of subsection 302(a)(3).

 This leaves only plaintiff's third cause of action for "severe emotional stress." Formerly, subsection 302(a)(3) was limited to physical injury, but commercial, nonphysical injury is now included. In the recent case of *Faherty v. Fender* the plaintiff, a New York citizen, sued a Texas citizen for impairment of credit and emotional distress arising from a default judgment obtained from a Texas court. 572 F.Supp. 142 (S.D.N.Y.1983). The *Faherty* Court concluded that "these injuries do not constitute injury to person or property within New York for purposes of Section 302(a)(3)." *Id.* at 149. Injury within the state must be "direct, and not remote or consequential." *Porcello v. Brackett*, 85 A.D.2d 917, 446 N.Y.S.2d 780, 782 (4th Dept.1981).

Moreover, any contention that plaintiff might have that his injury is direct and within the construction of subsection 302(a)(3) is disposed of by the Appellate Division in its decision in *Weiss v. Greenburg*, 85 A.D.2d 861, 446 N.Y.S.2d 447 (3d Dept.1981). In that case a New York domiciliary sued a Florida law firm for malpractice in connection with plaintiff's interest in a second mortgage foreclosure action and sought to invoke subsection 302(a)(3) jurisdiction. The Appellate Division held that

the facts presented did not show an injury within the state of New York, noting that the domicile of the injured party is not determinative when injury is commercial. *Id.* 446 N.Y.S.2d at 449.

 The *Weiss* Court cited with approval the decision of the Second Circuit Court of Appeals in *American Eutectic Welding Alloys Sales Co. v. Dytron Alloys Corp.,* 439 F.2d 428 (2d Cir.1971). In that case the Court of Appeals declared that resting personal jurisdiction solely on the fact of an injured plaintiff's New York domicile would raise issues of fairness and reasonableness under the United States Constitution and respect for sister states' territorial spheres. *Id.* at 435. The Court of Appeals held that in commercial injury tort actions the situs of the injury is where the critical events associated with the dispute took place. *Id.* at 433 (quoting Chief Judge Weinstein's opinion *Spectacular Promotions, Inc. v. Radio Station WING,* 272 F.Supp. 734, 737 (E.D.N.Y.1967)). Accordingly, this Court finds that no injury has been suffered by Mr. Guardino within this state as a result of the defendant's foreclosure on the Florida property.

Finally, plaintiff has failed to show that defendant bank does business or otherwise derives substantial revenue from services rendered in New York, or should have expected the foreclosure on the Florida property to have direct consequences in New York. Therefore, the Court concludes that it does not have personal jurisdiction over defendant pursuant to subsection 302(a)(3).

### V.

In view of the foregoing the Court concludes that it lacks *in personam* jurisdiction over the defendant. Plaintiff has not satisfied his burden of showing facts to invoke long arm jurisdiction under N.Y.Civ. Prac.L. Sections 301 and 302. Accordingly, defendant's motion to dismiss pursuant to Rule 12(b)(2), Fed.R.Civ.P., is granted.

The Clerk of the Court is hereby directed to dismiss the plaintiff's case.

SO ORDERED.