■ THERESA WILLIAMS, Appellant-Respondent, v ENTERPRISE RENT-A-CAR OF BOSTON, INC., Respondent-Appellant, et al., Defendant. [826 NYS2d 59]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered August 10, 2005, which granted the motion of defendant Enterprise Rent-A-Car of Boston, Inc. to dismiss the complaint, pursuant to CPLR 3211, for lack of personal jurisdiction, and denied the motion insofar as premised upon the statute of limitations, unanimously modified, on the law, to vacate the denial of that part of the motion based on the statute of limitations, and otherwise affirmed, without costs.

The motion court properly found that it lacked personal jurisdiction over Enterprise under either CPLR 302 (a) (3) (ii) or CPLR 302 (a) (1). That a New York plaintiff or estate can recover damages in a wrongful death action does not establish that an "injury" was caused in New York State (*see Crimi v Elliot Bros. Trucking Co.*, 279 F Supp 555 [SD NY 1968]). Nor does the residence of an injured party within the state suffice as a predicate for jurisdiction (*see Fantis Foods v Standard Importing Co.*, 49 NY2d 317, 326 [1980]).

The car involved in the accident giving rise to this action was rented by Enterprise, a Massachusetts corporation, in Massachusetts to a Massachusetts resident. Enterprise has no offices in New York, does not transact business in New York, and does not contract to supply goods or services in New York. While its vehicles may be driven here, this contact is too attenuated to submit Enterprise to the jurisdiction of a New York State court, especially in this case, where although the alleged "journey" of plaintiff decedent and defendant decedent may have begun in the Bronx (as plaintiff claims, without any record support), the accident out of which plaintiff's claims arose occurred in Connecticut. That the rental agreement contemplated the possibility that the subject vehicle might be driven in "NY/NE" does not alter the jurisdictionally dispositive circumstance that there

is no nexus between plaintiff's action and activity by defendant Enterprise in the forum state (see *McGowan v Smith*, 52 NY2d 268 [1981]; *Lancaster v Colonial Motor Frgt. Line*, 177 AD2d 152 [1992]; *Simmons v Gripple*, 36 AD2d 590 [1971]).

We modify only to vacate the denial of that branch of Enterprise's motion predicated on the statute of limitations. Without jurisdiction over Enterprise, the court was without authority to adjudicate whether the action against Enterprise was timely. Concur—Andrias, J.P., Saxe, Marlow, Nardelli and Williams, JJ.