15-3082-cv
*Thackurdeen v. Duke Univ.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of September, two thousand sixteen.

PRESENT:   JOHN M. WALKER, JR.,
                    JOSÉ A. CABRANES,
                    RAYMOND J. LOHIER, JR.,
                                *Circuit Judges.*

---

ROSHNI D. THACKURDEEN AND RAJ B. THACKURDEEN, INDIVIDUALLY AND IN THEIR CAPACITY AS CO-ADMINISTRATORS OF THE ESTATE OF RAVI THACKURDEEN,

                *Plaintiffs-Appellants,*                         15-3082-cv

                        v.

DUKE UNIVERSITY, a North Carolina Corporation, ORGANIZATION FOR TROPICAL STUDIES, INC., a North Carolina Corporation, DOES, 1-20,

                *Defendants-Appellees.*

---

**FOR PLAINTIFFS-APPELLANTS:**          TINA GLANDIAN, Geragos & Geragos, APC, Los Angeles, CA.

**FOR DEFENDANT-APPELLEE DUKE UNIVERSITY:**          JAMES P. COONEY III (Marcey R. Selle, *on the brief*), Womble Carlyle Sandridge & Rice LLP, Charlotte, NC; Paul F. Clark, Wade Clark Mulcahy, New York, NY.

**FOR DEFENDANT-APPELLEE ORGANIZATION FOR TROPICAL STUDIES, INC.:**

REID L. PHILLIPS, Brooks, Pierce, McLendon, Humphrey & Leonard, LLP, Greensboro, NC.

Appeal from a judgment of the United States District Court for the Southern District of New York (Alison J. Nathan, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED IN PART** and **TRANSFERRED** to the United States District Court for the Middle District of North Carolina.

Plaintiffs-appellants Roshni D. Thackurdeen and Raj B. Thackurdeen ("plaintiffs") appeal a September 2, 2015 District Court judgment dismissing their suit for lack of personal jurisdiction over defendants-appellants Duke University ("Duke") and the Organization for Tropical Studies, Inc. ("OTS"). Plaintiffs assert various claims for negligence and for the intentional infliction of emotional distress based on the drowning death of their son, Ravi Thackurdeen, while he was participating in a study-abroad program in Costa Rica sponsored by defendants.

On appeal, plaintiffs argue that the District Court erred in finding that defendants are not subject to personal jurisdiction in New York and in dismissing the action rather than transferring it to the United States District Court for the Middle District of North Carolina. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review de novo a district court's decision to dismiss a complaint for lack of personal jurisdiction." *Porina v. Marward Shipping Co.*, 521 F.3d 122, 126 (2d Cir. 2008). "In opposing a motion to dismiss for lack of personal jurisdiction, [plaintiffs] bear[ ] the burden of establishing that the court has jurisdiction over [defendants]." *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005) (internal quotation marks omitted). Where, as here, the parties have conducted discovery regarding defendants' contacts with the forum state, plaintiffs' "prima facie showing . . . must include an averment of facts that, if credited[,] . . . would suffice to establish jurisdiction." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999).

**A. General Jurisdiction**

We first address plaintiffs' argument that the District Court erred in finding that defendants were not subject to general jurisdiction in New York.[1] Federal district courts sitting in New York

---

[1] We treat Duke and OTS as separate entities. Although plaintiffs refer to OTS as Duke's "alter ego," Pl. Br. 4, 5, describe defendants as "interrelated," *id.* at 9, and discuss "OTS Duke" as a single party, plaintiffs do not actually argue in their principal brief that the District Court erred in treating defendants as two separate entities. *See Thackurdeen v. Duke Univ.*, 130 F. Supp. 3d 792, 796 n.2

must answer two questions when determining whether there is personal jurisdiction over a defendant: (1) whether there is jurisdiction under New York law; and (2) whether the exercise of jurisdiction would be consistent with federal due process requirements. *See Grand River Enters.*, 425 F.3d at 165. Plaintiffs argue that the District Court had general jurisdiction over defendants pursuant to N.Y. Civil Practice Law and Rules ("CPLR") § 301. Whatever application § 301 might have, however, it is apparent that the exercise of general jurisdiction over defendants would be inconsistent with constitutional due process. General jurisdiction over a corporate defendant satisfies due process only if the defendant is headquartered or incorporated in the forum state or is otherwise "at home" in that state. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 761 & n.19 (2014) (internal quotation marks omitted); *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 135 (2d Cir. 2014). Plaintiffs have not alleged that either defendant satisfies this requirement.[2]

**B. Specific Jurisdiction**

Plaintiffs argue that the District Court erred in holding that defendants are not subject to specific jurisdiction in New York. Plaintiffs point to CPLR § 302(a), which provides for jurisdiction over non-domiciliaries "[a]s to a cause of action arising from" four kinds of contact with New York, three of which are relevant here. We consider each in turn.

**1. CPLR § 302(a)(1).** To establish personal jurisdiction under CPLR § 302(a)(1), a plaintiff must show (1) that the defendant "transacted business within the state" and (2) that the asserted claim "arise[s] from that business activity." *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 168 (2d Cir. 2015) (internal quotation marks omitted). Plaintiffs argue that defendants "transacted business in New York" by sending plaintiffs and their son, who were living in New York, various documents

---

(S.D.N.Y. 2015) (observing that "Plaintiffs put forward no legal support for their argument" that Duke and OTS should be treated as one entity; that "Plaintiffs referred to both Defendants as distinct entities in their pleadings"; and that "each Defendant is represented by separate counsel and has put forward separate motions to dismiss premised on similar, but not identical, legal theories"). Nor do plaintiffs suggest in their statement of issues presented that they are seeking review of the District Court's judgment in this respect. Although plaintiffs argue in their reply brief that "Duke and OTS should be treated as a single entity," Pl. Reply Br. 3, we generally do not address arguments raised for the first time in a reply brief. *See EDP Med. Comput. Sys., Inc. v. United States*, 480 F.3d 621, 625 n.1 (2d Cir. 2007).

[2] Plaintiffs argue that *Daimler* and *Gucci* are distinguishable because, unlike the defendants in those cases, "neither Duke nor OTS is a foreign corporation with its place of incorporation and principal place of business overseas." Pl. Reply Br. 7. But *Daimler* itself treats "sister-state or foreign-country" corporations as equally "foreign." 134 S. Ct. at 754 (internal quotation marks omitted). Although international comity concerns "reinforce[d]" *Daimler*'s reasoning, the decision rested primarily on the demands of constitutional due process, which apply to both U.S. and non-U.S. defendants. *See id.* at 763.

3

related to the study-abroad program. Assuming *arguendo* that this satisfies the first prong of § 302(a)(1), jurisdiction would still be lacking because plaintiffs' claims do not "arise from" that business activity. New York courts have consistently held that out-of-state injuries do not suffice for jurisdiction under § 302(a)(1) when their only connection to New York is that they were sustained in the course of an activity that was advertised and contracted for within the state. *See, e.g., Gelfand v. Tanner Motor Tours, Ltd.*, 339 F.2d 317, 321–22 (2d Cir. 1964); *Diskin v. Starck*, 538 F. Supp. 877, 880 (E.D.N.Y. 1982) (collecting cases); *Arroyo v. Mountain Sch.*, 892 N.Y.S.2d 74, 76 (1st Dep't 2009).[3]

**2. CPLR § 302(a)(2).** Plaintiffs argue that jurisdiction is proper under CPLR § 302(a)(2), which provides for jurisdiction over a non-domiciliary who "commits a tortious act within the state," because defendants' tortious infliction of emotional distress occurred "within" New York. This argument relies on phone calls that defendants allegedly placed from Costa Rica or North Carolina to plaintiffs at their home in New York. But we have "held that a defendant's physical presence in New York is a prerequisite to jurisdiction under § 302(a)(2)." *Bank Brussels Lambert*, 171 F.3d at 790. Because physical presence is lacking here, so is jurisdiction under § 302(a)(2).[4]

**3. CPLR § 302(a)(3).** Finally, we consider § 302(a)(3), which provides for jurisdiction over a defendant who "commits a tortious act without the state causing injury to person or property within the state," if the defendant "(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce."

---

[3] We note that the judgment of an intermediate state court, "although not authoritative, . . . 'is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.'" *New York v. Nat'l Serv. Indus., Inc.*, 460 F.3d 201, 210 (2d Cir. 2006) (quoting *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940)).

[4] As plaintiffs point out, some New York Supreme Court cases have held that § 302(a)(2) does not require physical presence. Our contrary interpretation of that statute, however, relied on several decisions of the New York Court of Appeals, which expressly held that physical presence was required. *See Bensusan Rest. Corp. v. King*, 126 F.3d 25, 28 (2d Cir. 1997) (citing cases). "In the absence of some indication by the New York Court of Appeals that [those] decisions . . . no longer represent the law of New York," we will not overrule our own longstanding interpretation of § 302(a)(2). *See id.* at 29; *see also Fabozzi v. Lexington Ins. Co.*, 601 F.3d 88, 92 (2d Cir. 2010) ("Where lower state courts appear to have misconstrued or ignored binding precedent, we are obliged to follow the [New York] Court of Appeals."); *cf. ante* note 3.

4

For jurisdiction to be proper under § 302(a)(3), the injury must have occurred in New York. *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84–85 (2d Cir. 2001). Whether the injury occurred "in" New York for purposes of § 302(a)(3) generally depends on "a situs-of-injury test, which asks [courts] to locate the original event which caused the injury." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001) (internal quotation marks omitted). "The situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff." *Id.* (brackets and internal quotation marks omitted). Here, the "original events" all occurred outside of New York; jurisdiction is therefore improper under § 302(a)(3). *See also Porcello v. Brackett*, 446 N.Y.S.2d 780, 781–82 (4th Dep't 1981) (holding that § 302(a)(3) did not provide for jurisdiction over a wrongful-death action concerning a New York resident who died in Ohio), *aff'd*, 443 N.E.2d 491 (N.Y. 1982).

## C. Transfer

Plaintiffs ask that, if jurisdiction is lacking, we transfer this action to the United States District Court for the Middle District of North Carolina. Plaintiffs did not seek this relief from the District Court. Nonetheless, we have "statutory and inherent authority to transfer this case" directly to an appropriate district court if doing so would be in the interest of justice. *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993); *see Bolar v. Frank*, 938 F.2d 377, 379–80 (2d Cir. 1991). Because it would be in the interest of justice to do so, we therefore transfer this case to the United States District Court for the Middle District of North Carolina. Although we note that defendants have conceded that jurisdiction is proper in that district, we intimate no view as to any other issues that may arise as a result of this transfer.

## CONCLUSION

We have reviewed all of the remaining arguments raised by the parties on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the September 2, 2015 judgment of the District Court insofar as it found that it lacked personal jurisdiction over defendants and **TRANSFER** this action for further proceedings in the United States District Court for the Middle District of North Carolina.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5