■     NORMAN MEUNIER, as Administrator of the Estate of GARY MEUNIER, Deceased, Respondent, v. STEBO, INC., Appellant, et al., Defendants.— In a negligence action to recover damages for wrongful death and conscious pain and suffering, defendant Stebo, Inc. (originally named in the action as Malibu Dude Ranch) appeals from so much of an order of the Supreme Court, Kings County, dated April 5, 1971, as denied its motion to dismiss the action as against it on the ground that it is a foreign corporation which neither transacts nor does business within the State of New York and was thus not subject to process in this case.  Order reversed insofar as appealed from, on the law and the facts, with $10 costs and disbursements; motion granted; and complaint as against defendant Stebo, Inc. dismissed.  Defendant Stebo, Inc. is a Pennsylvania corporation not licensed to do business in this State, which operates Malibu Dude Ranch in Milford, Pennsylvania.  The complaint alleges that this defendant created a trap upon its property and failed to exercise proper supervision over plaintiff's infant son while he was on a junior high school excursion to this dude ranch, resulting in the boy's death by drowning.  The record indicates that Stebo, Inc., solicits business for Malibu Dude Ranch by the distribution of advertising brochures within New York.  These brochures state that the dude ranch will arrange and provide patrons with round trip transportation to and from its Pennsylvania place of business; and that staff members

will meet guests in front of "Pennsylvania Station" in New York City on Friday evenings, escort them to the ranch and return them to New York City on Sundays. Stebo maintains a New York telephone number which, when dialed, provides a direct connection with the Pennsylvania ranch. There is no allegation that Stebo has an office in this State or that it has an officer or agent resident in this State. The New York codefendants, Paul Sabin and Teacher's Tours Inc., arranged the excursion and provided the bus which brought plaintiff's decedent to the dude ranch. The transportation they provided was completely independent of the promises in this regard which were contained in the dude ranch brochure. The question before us is therefore whether the in personam jurisdiction of our courts may be predicated upon the single-act "transacts any business" test under CPLR 302 or the traditional "doing business" test of CPLR 301. In our opinion plaintiff has failed to prove that the events which gave rise to his cause of action were in any way related to the Pennsylvania corporate defendant's activities within this State. Consequently, it cannot be said that his cause of action *arose* from that defendant's transaction of business here and he is thus not entitled to avail himself of CPLR 302 (subd. [a], par. 1) (see *Frummer* v. *Hilton Hotels Int.*, 19 N Y 2d 533; *Noble* v. *Singapore Resort Motel of Miami Beach*, 21 N Y 2d 1006). The complaint alleges facts which if proved would show that the tort was committed and the injury occurred in Pennsylvania and thus CPLR 302 (subd. [a], pars. 2, 3) is inapplicable on its face (cf. *Crimi* v. *Elliot Bros. Trucking Co.*, 279 F. Supp. 555). Neither may jurisdiction be sustained under the traditional "doing business" test. Continuity of action from a permanent locale is essential. A foreign corporate defendant must not be here occasionally or casually, but with a fair measure of permanence and continuity (*Sterling Novelty Corp.* v. *Frank & Hirsch Distr. Co.*, 299 N. Y. 208, 210). In our opinion, the aggregate picture of Stebo's activities within this State is insufficient to satisfy the more stringent requirements of CPLR 301. Solicitation alone is not enough to constitute doing business (*Miller* v. *Surf Props.*, 4 N Y 2d 475). The additional factors of the maintenance of a direct telephone line to an out-of-State corporate office (*Greenberg* v. *R. S. P. Realty Corp.*, 22 A D 2d 690) and the mere periodic sending of corporate officers or employees into the State upon corporate business are not enough upon which to predicate a finding that this foreign corporate defendant was present within our jurisdiction (*Rosenberg Co.* v. *Curtis Brown Co.*, 260 U. S. 516; *Greenberg* v. *Lamson Bros. Co.*, 273 App. Div 57; *Affiliated Enterprises* v. *Colonial Theatre*, 165 Misc. 948). Hopkins, Acting P. J., Gulotta, Christ and Brennan, JJ., concur; Benjamin, J., dissents and votes to affirm, with the following memorandum: In my opinion, the aggregate of Stebo's activities in this State constitutes "doing business" here within the ambit of CPLR 301. It solicited business here; it had a direct telephone between New York and its resort in Pennsylvania; and, most important, it provided regular, weekly transportation from New York to its resort by (a) having its employees meet weekend guests every Friday evening in Manhattan, (b) transporting them (probably by bus) from that rendezvous to its resort and (c) transporting them back to Manhattan on Sunday evenings. Clearly, the aggregate of these activities constitutes "doing business" here, since they are not occasional, casual contacts with New York, but regular, continuous contacts pursuant to established, permanent procedures in the operation of Stebo's business. It is irrelevant that in this case plaintiff's decedent was transported to Stebo's resort by the New York codefendants, rather than by Stebo. This is so because the New York courts' jurisdiction over Stebo rests upon its total, general course of conduct which constituted "doing business"

here; and such jurisdiction would not be divested by the mere fact that one of the acts included in that total, general course of conduct was not involved in this particular case.