■ Leo Chamberlain, Individually and as Parent and Natural Guardian of Mary H. Chamberlain, an Infant, Respondent, v Jiminy Peak, Appellant.—Weiss, J. Appeal from an order of the Supreme Court (Travers, J.), entered January 5, 1989 in Rensselaer County, which, *inter alia,* granted plaintiff's motion to dismiss the affirmative defense of lack of personal jurisdiction.

On December 20, 1983, Mary H. Chamberlain, an infant, was injured while skiing at facilities owned by defendant in Hancock, Massachusetts. A member of her school's ski program, Chamberlain was participating in a ski lesson which she alleges was organized in New York with the assistance of defendant's representative.

Among the six affirmative defenses pleaded in its answer, defendant has advanced the defense of lack of personal jurisdiction under New York's long-arm statutes, CPLR 301 and 302 (a) (1), asserting that its only contacts with New York are advertising, distribution of brochures, and sending representatives to New York to explain its operations and facilities. Defendant provides groups with organizer kits which indicate that defendant will send a representative if organizational or mood-setting help is needed.

Plaintiff moved to strike three of defendant's affirmative defenses, including the jurisdictional defense, and defendant cross-moved to dismiss the complaint based upon such defense, among others. Supreme Court partially granted plaintiff's motion and dismissed the jurisdictional defense, finding that the large-scale advertising and solicitation made in New York combined with the organizational and promotional activities of its representatives in this State amounted to the transaction of business within the State within the meaning of CPLR

302. We observe that these standards utilized to determine personal jurisdiction more appropriately relate to CPLR 301 rather than 302 (a) (1). The court did not reach the other issues raised in the motion and cross motion because the pleadings were not included within the papers before it.

Defendant has appealed the long-arm personal jurisdiction issues contending that its activities do not reach the standards required under either CPLR 301 or 302 (a) (1) in order to subject it to New York's jurisdiction. Initially, the nature of defendant's activities in New York are in dispute and set forth in the submitted papers in terms of conclusory statements rather than specifics and facts. Defendant characterizes the trips into New York by its representatives as occurring from "time to time" while plaintiff asserts that solicitations by defendant's representatives are consistent and routine. Accordingly, the determination can only be sustained if the nature of the activities as admitted by defendant are sufficient for jurisdictional purposes.

CPLR 302 (a) (1) requires an articulable nexus, a substantial relationship, between the New York activity, business or transaction and the asserted claim and injury *(see, Kreutter v McFadden Oil Corp.,* 71 NY2d 460, 467; *McGowan v Smith,* 52 NY2d 268, 272).* Here, plaintiff's tort claim, originating from a ski slope injury in Massachusetts, is too remote from defendant's New York sales and promotional activities to support long-arm jurisdiction under CPLR 302 (a) (1) *(see, Pellegrino v Stratton Corp.,* 679 F Supp 1164; *Apicella v Valley Forge Military Academy & Jr. Coll.,* 103 AD2d 151; *Meunier v Stebo, Inc.,* 38 AD2d 590).*

We next consider whether the advertisements, brochures and sales solicitations are sufficient to establish personal jurisdiction under CPLR 301. The additional activities and presence, consisting of sending personnel into New York to organize and promote ski trips to Massachusetts, must be with a fair measure of permanence and continuity and not occasional or casual *(see, Laufer v Ostrow,* 55 NY2d 305, 310).* In analyzing the record under the "solicitation-plus" standard *(see, Pellegrino v Stratton Corp., supra),* the scope of the activities of defendant's employees are the key to determining the issue of jurisdiction *(see, Apicella v Valley Forge Military Academy & Jr. Coll., supra; Meunier v Stebo, Inc., supra; Greenberg v R. S. P. Realty Corp.,* 22 AD2d 690).* Here, the papers submitted by the parties present a sharp question of fact relating to the extent of defendant's activities within New York. The presence of this factual issue requires that the

matter be resolved by an immediate hearing pursuant to CPLR 3211 (c) or, less preferably, at trial *(see, Pellegrino v Stratton Corp., supra,* at 1169; *Noble Co. v Singapore Resort Motel,* 21 NY2d 1006, 1008; *Darienzo v Selbern Shoe Co.,* 41 AD2d 736, 737). Accordingly, we remit the matter to Supreme Court for a hearing and determination on the factual issues.

Order modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion to dismiss the defense of lack of personal jurisdiction and denied defendant's cross motion to dismiss the complaint for lack of personal jurisdiction; matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.