■ LEO B. CHAMBERLAIN, Individually and as Parent and Natural Guardian of MARY H. CHAMBERLAIN, an Infant, Appellant, v JIMINY PEAK, Respondent.—Mahoney, P. J. Appeal from an order of the Supreme Court (Travers, J.), entered December 6, 1990 in Rensselaer County, which granted defendant's cross motion to dismiss the complaint for lack of personal jurisdiction.

In December 1983, plaintiff's infant daughter, Mary H. Chamberlain, a New York resident, sustained personal injuries while skiing at a resort owned by defendant and located in Massachusetts. Plaintiff commenced this action by service of a summons and complaint in July 1987. Defendant, a foreign corporation, answered asserting, *inter alia,* the defense of lack of personal jurisdiction. In January 1988, plaintiff moved pursuant to CPLR 3211 to dismiss certain of defendant's affirmative defenses, including the jurisdictional defense, and defendant cross-moved to dismiss the complaint for lack of personal jurisdiction. Supreme Court granted plaintiff's motion and denied defendant's cross motion. Upon appeal this court modified Supreme Court's order by reversing the grant of plaintiff's motion and the denial of defendant's cross motion, finding that defendant's sales and promotional activities within New York did not support long-arm jurisdiction pursuant to CPLR 302 (a) (1), and remitted the matter to Supreme Court for a hearing pursuant to CPLR 3211 (c) on the question of whether defendant's activities in this State constituted "doing business" such that personal jurisdiction could be asserted pursuant to CPLR 301 (155 AD2d 768). Following hearings, Supreme Court granted defendant's cross motion to dismiss plaintiff's complaint finding that defendant did not possess sufficient contacts with this State such that personal jurisdiction could be asserted. This appeal by plaintiff ensued.

We affirm. Pursuant to CPLR 301, a New York court may assert jurisdiction over a foreign corporation where it carries out a " 'continuous and systematic course' " of conduct war-

ranting a finding of " 'presence' " within the State *(Laufer v Ostrow,* 55 NY2d 305, 309-310). The foreign corporation's presence must be "with a fair measure of permanence and continuity" *(Tauza v Susquehanna Coal Co.,* 220 NY 259, 267; *see, Laufer v Ostrow, supra,* at 310) and solicitation of business alone will not suffice to establish that presence *(see, Laufer v Ostrow, supra,* at 310). This "solicitation-plus" standard requires that there be activities of substance in addition to solicitation to support a finding of presence within the State *(see, supra; Chamberlain v Jiminy Peak,* 155 AD2d 768, *supra).*

Based upon a review of the hearing record in this case, we conclude that Supreme Court properly found that defendant's activities within the State do not constitute doing business. At the hearing it was revealed that defendant had not filed to do business in New York and had no mailing address, office, bank account or employees working in this State. The proof also established that, in addition to solicitations, although defendant had on occasion visited between 6 and 10 of the approximately 21 to 23 New York schools participating in its ski program to premeasure students for rental equipment and to deliver season passes, these visits were not pursuant to any routine or schedule. While these limited activities may constitute something more than mere solicitation, they do not amount to a continuous and systematic course of conduct within the State required by CPLR 301 to justify the assertion of jurisdiction over a defendant.

Mikoll, Yesawich Jr. and Mercure, JJ., concur. Ordered that the order is affirmed, with costs.