■ CHERYL WEINSTOCK, Appellant, v LE SPORT et al., Respondents. [598 NYS2d 511] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered on or about May 5, 1992,

which granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The IAS Court properly dismissed the within complaint because of plaintiff's failure to obtain personal jurisdiction over defendants. In this case, "long-arm" personal jurisdiction pursuant to CPLR 302 (a) (1) is unavailable. The cause of action here clearly did not arise from the transactions which occurred in New York *(see, Meunier v Stebo, Inc.,* 38 AD2d 590). The horseback riding accident in St. Lucia bears little relationship to plaintiff's purchase of a travel package in New York from a travel agency unrelated to defendants.

Jurisdiction in New York is also unavailable under CPLR 301 since Le Sport Hotel's "presence" in New York is certainly not permanent and continuous *(Tauza v Susquehanna Coal Co.,* 220 NY 259; *see, Savoleo v Couples Hotel,* 136 AD2d 692). Le Sport has only minimal connections with New York besides the mailing of brochures to travel agencies and the infrequent advertising in newspapers. Moreover, Le Sport's maintenance of a bank account in New York is only incidental to its operation of a hotel in St. Lucia *(cf., Frummer v Hilton Hotels Intl.,* 19 NY2d 533).

Finally, we agree with the IAS Court that any alleged negligence on the part of Le Sport cannot be attributable to defendant SRS. Indeed, SRS primarily operates a reservation service while Le Sport operates a hotel *(see, Pentifallo v Hilton of Panama,* 86 AD2d 583, *appeal dismissed* 56 NY2d 855). Concur—Carro, J. P., Rosenberger, Wallach, Kupferman and Rubin, JJ.