■ Robert Sedig, Appellant, v Okemo Mountain, Respon-

dent. [612 NYS2d 643] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Lockman, J.), dated December 5, 1991, which granted the defendant's motion to dismiss the complaint based upon lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

The plaintiff was injured on February 24, 1989, while skiing at the defendant's resort in Vermont. The defendant, a Vermont corporation, solicits business in New York and sends its employees into New York State to attend ski shows. In addition, there is proof that it sells ski lift tickets to attendants at Grumman Ski Club meetings in New York at least once a year and offers complimentary lift tickets to New York ski shop employees. However, there is no proof that the defendant is licensed or authorized to do business in this State. Nor is there proof that the defendant maintains an office, has bank accounts, or owns any property within the State.

Jurisdiction under CPLR 301 may be acquired over a foreign corporation only if that corporation does business here " 'not occasionally or casually, but with a fair measure of permanence and continuity' " so as to warrant a finding of its " 'presence' " in this jurisdiction (Apicella v Valley Forge Military Academy & Jr. Coll., 103 AD2d 151, 154, quoting Tauza v Susquehanna Coal Co., 220 NY 259, 267). It is well established that solicitation of business alone will not subject a foreign corporation to the jurisdiction of New York courts (see, Miller v Surf Props., 4 NY2d 475). This "solicitation-plus" standard requires that there be activities of substance in addition to solicitation to support a finding of presence within the State (see, Pellegrino v Stratton Corp., 679 F Supp 1164; Chamberlain v Jiminy Peak, 176 AD2d 1109), and the plaintiff has not carried his burden of demonstrating such presence here (see, Peterson v Spartan Indus., 33 NY2d 463; Cato Show Print. Co. v Lee, 84 AD2d 947). There is no merit to the plaintiff's claim that an agency relationship exists between the defendant and the New York ski shops which display its posters and brochures and receive complimentary ski passes, because there is no evidence that the shops have authority to contractually bind the defendant and thus serve as its agents for jurisdictional purposes (see, Pellegrino v Stratton Corp., US Dist Ct, ND NY, Feb. 9, 1989, McCurn, J., 1989 WL 10726).

In addition, the plaintiff's tort claim, originating from a ski slope injury in Vermont, is too remote from the defendant's alleged sales and promotional activities to support long-arm

jurisdiction under CPLR 302 (a) (1) *(see, McGowan v Smith,* 52 NY2d 268; *Chamberlain v Jiminy Peak,* 155 AD2d 768). Balletta, J. P., Copertino, Friedmann and Goldstein, JJ., concur.