RICHARD S. CARDONE, as Parent and Guardian of RONALD CARDONE, an Infant, Appellant, v JIMINY PEAK, INC., Respondent, et al., Defendant. [667 NYS2d 82] —Mikoll, J. P. Appeal from an order of the Supreme Court (Graffeo, J.), entered February 18, 1997 in Albany County, which, *inter alia*, granted defendant's motion to dismiss the complaint.

Plaintiff's infant son, Ronald Cardone, was injured on February 2, 1994 while skiing on a school trip at defendant's resort in Massachusetts. Plaintiff commenced this action against defendant and the school district. Defendant interposed an answer, alleging as an affirmative defense that it was not subject to personal jurisdiction in this State and, thereafter, moved to dismiss the complaint on that ground. Supreme Court granted defendant's motion and this appeal by plaintiff ensued.

We affirm. Where a foreign corporation carries on a "continuous and systematic course" of conduct warranting a finding of "presence" within the State, New York courts may assert jurisdiction (*Chamberlain v Jiminy Peak*, 176 AD2d 1109, 1109-1110; *see, Laufer v Ostrow*, 55 NY2d 305, 309-310). The foreign corporation's presence, however, must be " 'with a fair measure of permanence and continuity' * * * and solicitation of business alone will not suffice to establish that presence" (*Chamberlain v Jiminy Peak, supra,* at 1109-1110, quoting *Tauza v Susquehanna Coal Co.*, 220 NY 259, 267 [citation omitted]).

Contrary to plaintiff's contention, even taken in the aggregate, defendant's contacts with New York do not create the presence needed for a finding that defendant is doing business in New York. In 1991, this Court decided that defendant's activities in New York did not constitute doing business even though in addition to solicitations, defendant visited a portion of the New York schools which participated in its ski program to premeasure students for rental equipment (*see, id.,* at 1109-1110). While it may be true, as plaintiff contends, that defendant's activities in New York have expanded since this Court's prior decision, defendant still has not filed to do business in New York and has no mailing address, office, bank account or employees working in this State (*see, id.,* at 1110; *Sedig v Okemo Mtn.*, 204 AD2d 709, 710). Moreover, defendant's ownership of land in New York (unrelated to plaintiff's injury) and defendant's activities in New York (including the sale of coupons for lift tickets in New York ski shops redeemable at defendant's resort, the listing of defendant's telephone number in the Taconic telephone directory, advertisements on New York radio stations, television stations and print media, billboards and the mailing of promotional literature to certain groups and individuals in New York, and attendance at promotional events), considered in the aggregate, were held to be insufficient to assert jurisdiction over defendant as recently as February 1995 (*see, Okin v Jiminy Peak*, US Dist Ct, ED NY, Feb. 24, 1995, Glasser, J.).

Defendant's other limited activities include selling actual lift

tickets at New York ski shops, listing its Massachusetts telephone number in local telephone directories, reporting ski conditions to local news stations, placing discount coupons in an entertainment coupon book, permitting travel agents to sell lift tickets in New York and doing business with many New York high school ski clubs. Since none of these activities are more than solicitation of business, plaintiff failed to demonstrate those activities of substance in addition to solicitation in order to support a finding of defendant's "presence" within the State and, as such, has not carried his burden of satisfying the "solicitation-plus" standard (*see, id.*; *Sedig v Okemo Mtn.*, 204 AD2d 709, 710, *supra*). Defendant's activities are all sporadic and not carried out from a permanent location in the State or by its agents or employees in the State and, therefore, "do not amount to a continuous and systematic course of conduct within the State required by CPLR 301 to justify the assertion of jurisdiction over * * * defendant" (*Chamberlain v Jiminy Peak, supra*, at 1110).

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.