TRANSPORTATION INSURANCE COMPANY et al., Appellants, v SIMPLICITY, INC., et al., Respondents, et al., Defendants. [879 NYS2d 479]—

In an action, inter alia, for the rescission or reformation of certain contracts of insurance and to recover damages for breach of contract and negligent misrepresentation, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered September 13, 2007, as granted the motion of the defendant Simplicity, Inc., pursuant to CPLR 3211 (a) (8) to dismiss the amended complaint insofar as asserted against it for lack of personal jurisdiction and, sua sponte, directed the dismissal of the amended complaint insofar as asserted against the defendant Preferred Services of NY, Ltd., pursuant to CPLR 3211 (a) (10) on the ground that the defendant Simplicity, Inc., is a necessary party without which the action cannot proceed.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the dismissal of the amended complaint insofar as asserted against the defen-

dant Preferred Services of NY, Ltd., is deemed an application for leave to appeal from that portion of the order and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents Simplicity, Inc., and Preferred Services of NY, Ltd., and the motion of the defendant Simplicity, Inc., pursuant to CPLR 3211 (a) (8) to dismiss the amended complaint insofar as asserted against it is denied.

Contrary to the determination of the Supreme Court, the defendant Simplicity, Inc. (hereinafter Simplicity), is amenable to jurisdiction in New York pursuant to CPLR 302 (a) (1). The record demonstrates that Simplicity, a Pennsylvania corporation, engaged in a 12-year business relationship with the defendant Preferred Services of NY, Ltd. (hereinafter Preferred), a New York insurance broker, during which Simplicity transacted business within New York by engaging the services of Preferred to procure numerous insurance policies on its behalf and in accordance with its specifications, including the specific policies which are at issue in this action. Moreover, Simplicity engaged in frequent communication by telephone, e-mail, and fax transmissions with Preferred regarding the various policies. Under the circumstances of this case, Simplicity conducted sufficient purposeful activities in New York, which bore a substantial relationship to the subject matter of this action, so as to avail itself of the benefits and protections of New York's laws and, thus, was amenable to suit here under New York's long-arm jurisdiction statute (see *Fischbarg v Doucet,* 9 NY3d 375 [2007]).

The Supreme Court's sua sponte determination directing the dismissal of the amended complaint insofar as asserted against Preferred was premised upon the dismissal of the amended complaint insofar as asserted against Simplicity. Accordingly, the denial of Simplicity's motion renders improper so much of the order appealed from as, sua sponte, directed the dismissal of the amended complaint insofar as asserted against Preferred. Mastro, J.P., Skelos, Chambers and Hall, JJ., concur.