■ Quemuel Arroyo, Respondent, v The Mountain School et al., Appellants. [892 NYS2d 74]—

Plaintiff, a New York resident who was a student at defendant Mountain School, was injured in a bicycle accident at the school's premises in Vermont. The Mountain School is a program of defendant Milton Academy, which is located in Massachusetts.

Defendants are not subject to general jurisdiction pursuant to the "solicitation plus" doctrine (*see e.g. Apicella v Valley Forge Military Academy & Jr. Coll.,* 103 AD2d 151 [1984]; *Weil v American Univ.,* 2008 WL 126604, 2008 US Dist LEXIS 1727 [SD NY 2008]; *Krepps v Reiner,* 414 F Supp 2d 403 [SD NY 2006]). Milton Academy advertises neither on the radio nor on television in New York, visits New York only occasionally, and held only three alumni-related events in New York in 2007 and three in 2008. The fact that it offers its students bus service to New York—with stops in Connecticut—on five holidays is not dispositive (*see Meunier v Stebo, Inc.,* 38 AD2d 590 [1971]). Unlike the defendant in *Kingsepp v Wesleyan Univ.* (763 F Supp 22 [SD NY 1991]), Milton has issued no bonds in New York and owns no real property in New York. Furthermore, there was no evidence that Milton sent representatives to 44 secondary schools in New York State per year or had more than $14 million in a New York bank account (*cf.* 763 F Supp at 27).

Even if, arguendo, Milton engaged in "substantial solicitation" (*Pacamor Bearings v Molon Motors & Coil*, 102 AD2d 355, 357 [1984]), it did not engage in sufficient "activities of substance in addition to solicitation" (*Laufer v Ostrow*, 55 NY2d 305, 310 [1982]). CityTerm is a program of nonparty Masters School, not of defendants. "A business relationship with a New York entity does not provide a sufficient basis for jurisdiction at least in the absence of a showing that that company has become an agent or division of the company over which the plaintiff seeks to exercise personal jurisdiction" (*Landoil Resources Corp. v Alexander & Alexander Servs., Inc.*, 918 F2d 1039, 1046 [2d Cir 1990]). Plaintiff, who bears the burden of proving jurisdiction (*see e.g. Copp v Ramirez*, 62 AD3d 23, 28 [2009], *lv denied* 12 NY3d 711 [2009]), did not show that the Masters School was defendants' agent, much less a division of defendants.

The fact that Milton had approximately $14 million (less than 10% of its endowment) invested with New York firms as of June 30, 2006 does not subject it to general jurisdiction here. "[T]he investment of money in New York cannot alone be considered a form of 'doing business' for the purpose of CPLR § 301 . . . ; 'if it were, then almost every company in the country would be subject to New York's jurisdiction' " (*Weil*, 2008 WL 126604, *4, 2008 US Dist LEXIS 1727, *14, quoting *Schenker v Assicurazioni Generali S.p.A., Consol.*, 2002 WL 1560788, *5, 2002 US Dist LEXIS 12845, *17 [SD NY 2002]; *see also Nelson v Massachusetts Gen. Hosp.*, 2007 WL 2781241, *31, 2007 US Dist LEXIS 70455, *96 [SD NY 2007], *affd* 299 Fed Appx 78 [2d Cir 2008]).

Similarly, the fact that Milton has a New York bank account for the purpose of receiving wire transfers, which funds are then transferred to a Morgan Stanley account in Boston, does not subject it to general jurisdiction (*see In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000*, 2003 WL 1807148, *5, 2003 US Dist LEXIS 5575, *18 [SD NY 2003]; *see also Krepps*, 414 F Supp 2d at 407). Defendants' ordinary business is educating students, which they do in Massachusetts and Vermont; their "maintenance of a bank account in New York is only incidental to" that business (*Weinstock v Le Sport*, 194 AD2d 400, 401 [1993]).

Defendants are not subject to specific jurisdiction under CPLR 302 (a) (1). Even if defendants transacted business within New York, "plaintiff's . . . injury and the tort action based on it cannot be said to have arisen directly out of this" transaction (*Holness v Maritime Overseas Corp.*, 251 AD2d 220, 224 [1998]; *see e.g. Diskin v Starck*, 538 F Supp 877, 879-880 [ED NY 1982];

*Meunier,* 38 AD2d at 590-591). Defendants' duty of care to plaintiff arose in Vermont, not in New York (*see e.g. Brandt v Toraby,* 273 AD2d 429, 430-431 [2000]; *Gelfand v Tanner Motor Tours, Ltd.,* 339 F2d 317, 321-322 [2d Cir 1964]). Concur—Gonzalez, P.J., Tom, Sweeny, Freedman and Abdus-Salaam, JJ.