■ CLAUDIA MEJIA-HAFFNER et al., Appellants, v KILLINGTON, LTD., Respondent, et al., Defendants. [990 NYS2d 561]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Grays, J.), dated December 19, 2011, which granted the motion of the defendant Killington, Ltd., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff Claudia Mejia-Haffner and her husband, the plaintiff Steven R. Haffner, enrolled in a ski racing instructional camp operated by Killington/Pico Ski Resort Partners, LLC, sued herein as Killington, Ltd. (hereinafter Killington), at Killington's ski resort in Vermont. The plaintiffs made their reservations through the American Ski Racing Association. While participating in the camp, Mejia-Haffner (hereinafter the injured plaintiff) was injured, and the plaintiffs commenced this action against, among others, Killington.

Killington moved for summary judgment dismissing the complaint insofar as asserted against it on the ground, inter alia, that it was not subject to personal jurisdiction in New York. The Supreme Court granted Killington's motion for summary judgment finding, among other things, that New York did not have jurisdiction over Killington.

"A foreign corporation is amenable to suit in New York courts under CPLR 301 if it has engaged in such a continuous and systematic course of 'doing business' here that a finding of its 'presence' in this jurisdiction is warranted" (*Landoil Resources Corp. v Alexander & Alexander Servs.*, 77 NY2d 28, 33 [1990], quoting *Laufer v Ostrow*, 55 NY2d 305, 309-310 [1982]; *see*

*Cardone v Jiminy Peak*, 245 AD2d 1002, 1003 [1997]; *Sedig v Okemo Mtn.*, 204 AD2d 709, 710 [1994]). Mere solicitation of business within New York will not subject a defendant to New York's jurisdiction (*see Cardone v Jiminy Peak*, 245 AD2d at 1003; *Sedig v Okemo Mtn.*, 204 AD2d at 710). Instead, a plaintiff asserting jurisdiction under CPLR 301 must satisfy the standard of "solicitation plus," which requires a showing of " 'activities of substance in addition to solicitation' " (*Arroyo v Mountain School*, 68 AD3d 603, 604 [2009], quoting *Laufer v Ostrow*, 55 NY2d at 310; *see Cardone v Jiminy Peak*, 245 AD2d at 1003; *Sedig v Okemo Mtn.*, 204 AD2d at 710).

Even assuming that Killington engaged in substantial advertising in New York, as the plaintiffs claim, the plaintiffs have not demonstrated that Killington also engaged in substantial activity within this State sufficient to satisfy the solicitation-plus standard. Contrary to the plaintiffs' contention, this Court's decision in *Grimaldi v Guinn* (72 AD3d 37, 49-50 [2010]) does not stand for the principle that a business's interactive website, accessible in New York, subjects it to suit in this State for all purposes. Instead, the *Grimaldi* decision stands only for the more limited principle that a website may support specific jurisdiction in New York where the claim asserted has some relationship to the business transacted via the website (*see id.*; *see also Paterno v Laser Spine Inst.*, 112 AD3d 34 [2013]). Here, even Killington's alleged substantial solicitation in New York constitutes no more than solicitation (*see Cardone v Jiminy Peak*, 245 AD2d at 1004; *see also Arroyo v Mountain School*, 68 AD3d at 603-604; *Sedig v Okemo Mtn.*, 204 AD2d at 710; *Chamberlain v Jiminy Peak*, 155 AD2d 768 [1989]).

CPLR 302 (a) (1), the section of New York's long-arm statute at issue in this case, grants New York courts jurisdiction over nondomiciliaries when the action arises out of the nondomiciliaries' "transact[ion] [of] any business within the state or contract[ ] . . . to supply goods or services in the state." Pursuant to CPLR 302 (a) (1), jurisdiction is proper "even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted" (*Fischbarg v Doucet*, 9 NY3d 375, 380 [2007] [internal quotation marks and citations omitted]; *see Deutsche Bank Sec., Inc. v Montana Bd. of Invs.*, 7 NY3d 65, 71 [2006]; *Kreutter v McFadden Oil Corp.*, 71 NY2d 460, 467 [1988]; *Muse Collections, Inc. v Carissima Bijoux, Inc.*, 86 AD3d 631 [2011]). "Purposeful activities are those with which a defendant, through volitional acts, 'avails itself of the privilege of conducting activities within

the forum State, thus invoking the benefits and protections of its laws' " (*Fischbarg v Doucet*, 9 NY3d at 380, quoting *McKee Elec. Co. v Rauland-Borg Corp.*, 20 NY2d 377, 382 [1967]; *see Grimaldi v Guinn*, 72 AD3d at 44; *Sedig v Okemo Mtn.*, 204 AD2d at 710).

Although a plaintiff is not required to plead and prove personal jurisdiction in the complaint (*see Fischbarg v Doucet*, 9 NY3d at 381 n 5; *Halas v Dick's Sporting Goods*, 105 AD3d 1411 [2013]; *Cadle Co. v Ayala*, 47 AD3d 919, 920 [2008]; *Ying Jun Chen v Lei Shi*, 19 AD3d 407, 407-408 [2005]), where jurisdiction is contested, the ultimate burden of proof rests upon the plaintiff (*see Halas v Dick's Sporting Goods*, 105 AD3d at 1411; *Arroyo v Mountain School*, 68 AD3d at 604; *Shore Pharm. Providers, Inc. v Oakwood Care Ctr., Inc.*, 65 AD3d 623, 624 [2009]; *Stardust Dance Prods., Ltd. v Cruise Groups Intl., Inc.*, 63 AD3d 1262, 1264 [2009]; *Ying Jun Chen v Lei Shi*, 19 AD3d at 407; *Armouth Intl. v Haband Co.*, 277 AD2d 189, 190 [2000]).

Here, the plaintiffs alleged that Killington's negligence stemmed from the injured plaintiff being injured after having been instructed by ski instructors to unbuckle her ski boots as part of a training exercise so that when she fell, her ski bindings failed to release. They also alleged that Killington was negligent due to the instructors' failure to warn her of the dangers of such activity. Further, the injured plaintiff submitted an affidavit, in opposition to Killington's motion, stating that her injury occurred when another skier ran over the tails of her skis, causing her to fall and her bindings to fail to release, since she had been skiing with her boots unbuckled as instructed and that she was unaware that skiing with her boots unbuckled would disable the ski bindings until she was informed of this information by the ski patrol. Based on the allegations in the complaint and the statements in the injured plaintiff's affidavit, there is no substantial relationship between Killington's maintenance of a website through which a person in New York could purchase services and the alleged tort that occurred. Such allegations are "too remote from [Killington's] alleged sales and promotional activities to support long-arm jurisdiction under CPLR 302 (a) (1)" (*Sedig v Okemo Mtn.*, 204 AD2d at 710-711; *see Meunier v Stebo, Inc.*, 38 AD2d 590, 591 [1971]). Thus, Killington is not subject to long-arm jurisdiction under CPLR 302 (a) (1).

The plaintiffs' contention that the complaint contains a breach of contract cause of action relating to their purchase of reservations in New York is improperly raised for the first time on appeal, and therefore is not properly before this Court.

Furthermore, contrary to their contention, the plaintiffs have not made " 'a sufficient start' " to warrant holding the motion in abeyance while discovery is conducted on the issue of jurisdiction (*Shore Pharm. Providers, Inc. v Oakwood Care Ctr., Inc.*, 65 AD3d at 624, quoting *Peterson v Spartan Indus.*, 33 NY2d 463, 467 [1974]; *see Amigo Foods Corp. v Marine Midland Bank-N.Y.*, 39 NY2d 391, 395 [1976]; *Stardust Dance Prods., Ltd. v Cruise Groups Intl., Inc.*, 63 AD3d at 1265; *Ying Jun Chen v Lei Shi*, 19 AD3d at 408). The plaintiffs have not alleged facts which would support personal jurisdiction under either CPLR 301 or under CPLR 302 (a) (1), and thus have failed to indicate how further discovery might lead to evidence showing that personal jurisdiction exists here (*see Lang v Wycoff Hgts. Med. Ctr.*, 55 AD3d 793, 794 [2008]).

In light of the foregoing, we need not reach the parties' remaining contentions. Dillon, J.P., Dickerson, Austin and Sgroi, JJ., concur.