■ PARADIGM MARKETING CONSORTIUM, INC., Appellant, v YALE NEW HAVEN HOSPITAL, INC., Respondent. [2 NYS3d 180]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Iannacci, J.), entered September 18, 2013, as, in effect, granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint on the ground of lack of personal jurisdiction.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint on the ground of lack of personal jurisdiction is denied.

The plaintiff, Paradigm Marketing Consortium, Inc., is a New York corporation engaged in the business of, among other things, "facilities products manufacturing and distribution of facility related products," including cleaning supplies and washroom products for the workplace. The defendant, Yale New Haven Hospital, Inc., is a domiciliary of Connecticut. Beginning in August 2011, the parties allegedly entered into an agreement whereby the plaintiff would provide its services to the defendant in exchange for the defendant's promise to purchase certain products recommended by the plaintiff, or, in the alternative, the defendant would pay the plaintiff for its consultation services and reimburse the plaintiff for its out-of-pocket costs. During the course of the parties' relationship, the plaintiff contends that it performed the agreed-upon services for the defendant, but the defendant failed to comply with its contractual obligations. The plaintiff commenced this action alleging breach of contract. The defendant moved, inter alia, to dismiss the complaint on the ground that it was not proper for the Supreme

Court to exercise jurisdiction over it pursuant to CPLR 302 (a) because all of its business was conducted in Connecticut. The Supreme Court, in effect, granted the subject branch of the defendant's motion.

Under New York's long-arm statute, "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state" (CPLR 302 [a]), regardless of whether that non-domiciliary has actually entered New York State (*see Fischbarg v Doucet*, 9 NY3d 375, 380 [2007]). Whether a defendant has transacted business within New York is determined under the totality of the circumstances, and rests on whether the defendant, by some act or acts, has "purposefully avail[ed] itself of the privilege of conducting activities within [New York]" (*Ehrenfeld v Bin Mahfouz*, 9 NY3d 501, 508 [2007]; *see Licci v Lebanese Can. Bank, SAL*, 20 NY3d 327, 338 [2012]). "Purposeful activities are those with which a defendant, through volitional acts, 'avails itself of the privilege[s] of conducting activities within the forum State, thus invoking the benefits and protections of its laws' " (*Fischbarg v Doucet*, 9 NY3d at 380, quoting *McKee Elec. Co. v Rauland-Borg Corp.*, 20 NY2d 377, 382 [1967]). Proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, as long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted (*see Kreutter v McFadden Oil Corp.*, 71 NY2d 460, 467 [1988]; *see also MPG Assoc., Inc. v Roeske*, 112 AD3d 590, 591 [2013]).

Here, the complaint asserts that the defendant, through its agent, solicited the plaintiff's services while present in New York. The record indicates that the defendant's agent traveled to New York for three meetings with the plaintiff before the parties finalized their agreement, and that the defendant's agent subsequently traveled to New York in furtherance of the contract. Moreover, the parties engaged in numerous telephone and email communications regarding the contract. Under the totality of the circumstances, the defendant conducted sufficient purposeful activities in New York, which bore a substantial relationship to the subject matter of this action, so as to avail itself of the benefits and protections of New York's laws (*see Transportation Ins. Co. v Simplicity, Inc.*, 61 AD3d 963, 964 [2009]; *see also Ehrlich-Bober & Co. v University of Houston*, 49 NY2d 574 [1980]). Therefore, the Supreme Court erred by, in effect, granting that branch of the defendant's motion which was pursuant

to CPLR 3211 (a) (8) to dismiss the complaint on the ground of lack of personal jurisdiction (*see* CPLR 302 [a]; 3211 [a] [8]).

To the extent that the defendant raises an argument regarding the remaining branches of its motion, those branches of its motion were not addressed by the Supreme Court and, thus, remain pending and undecided (*see Katz v Katz*, 68 AD2d 536, 542-543 [1979]). Balkin, J.P., Leventhal, Hall and Hinds-Radix, JJ., concur.