■ Ositadinma Okeke, Appellant, et al., Plaintiffs, v Nathan Momah et al., Respondents, et al., Defendant. [17 NYS3d 746]—

In an action, inter alia, for a declaratory judgment and injunctive relief, the plaintiff Ositadinma Okeke appeals from an order of the Supreme Court, Kings County (Demarest, J.), dated January 24, 2014, which, in effect, converted the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint into a motion for summary judgment dismissing the complaint, and thereupon granted the motion, and denied the plaintiffs' motion, inter alia, for class certification on the fourth cause of action pursuant to CPLR article 9.

Ordered that the order is affirmed, with costs.

The Supreme Court properly, in effect, converted the defendant's motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint into a motion for summary judgment dismissing the complaint for lack of personal jurisdiction, as the parties submitted "facts and arguments clearly indicating that they were 'deliberately charting a summary judgment course'" (*Mihlovan v Grozavu*, 72 NY2d 506, 508 [1988], quoting *Four Seasons Hotels v Vinnik*, 127 AD2d 310, 320 [1987]; *see Hendrickson v Philbor Motors, Inc.*, 102 AD3d 251, 258 [2012]). We note in this regard that, at oral argument before the Supreme Court, the respondents and the appellant explicitly

characterized the motion as one for summary judgment dismissing the complaint.

Contrary to the appellant's contention, upon converting the motion into one for summary judgment dismissing the complaint for lack of personal jurisdiction, the Supreme Court properly granted the motion. "Jurisdiction under CPLR 301 may be acquired over a foreign corporation only if that corporation does business here 'not occasionally or casually, but with a fair measure of permanence and continuity' so as to warrant a finding of its 'presence' in this jurisdiction" (*Sedig v Okemo Mtn.*, 204 AD2d 709, 710 [1994] [some internal quotation marks omitted], quoting *Apicella v Valley Forge Military Academy & Jr. Coll.*, 103 AD2d 151, 154 [1984]; *see Landoil Resources Corp. v Alexander & Alexander Servs.*, 77 NY2d 28, 34 [1990]; *Tauza v Susquehanna Coal Co.*, 220 NY 259, 267 [1917]). Furthermore, "[a]n individual cannot be subject to jurisdiction under CPLR 301 unless he [or she] is doing business in New York as an individual rather than on behalf of a corporation" (*Brinkmann v Adrian Carriers, Inc.*, 29 AD3d 615, 617 [2006]; *see Laufer v Ostrow*, 55 NY2d 305, 313 [1982]). Here, the respondents were not doing business in this State (*see Delagi v Volkswagenwerk AG of Wolfsburg, Germany*, 29 NY2d 426, 431 [1972]; *Sedig v Okemo Mtn.*, 204 AD2d at 710).

Pursuant to CPLR 302 (a) (1), "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state" (CPLR 302 [a] [1]). "Whether a defendant has transacted business within New York is determined under the totality of the circumstances, and rests on whether the defendant, by some act or acts, has 'purposefully avail[ed] itself of the privilege of conducting activities within [New York]' " (*Paradigm Mktg. Consortium, Inc. v Yale New Haven Hosp., Inc.*, 124 AD3d 736, 737 [2015], quoting *Ehrenfeld v Bin Mahfouz*, 9 NY3d 501, 508 [2007]; *see Licci v Lebanese Can. Bank, SAL*, 20 NY3d 327, 338 [2012]). "Purposeful activities are those with which a defendant, through volitional acts, 'avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws' " (*Fischbarg v Doucet*, 9 NY3d 375, 380 [2007], quoting *McKee Elec. Co. v Rauland-Borg Corp.*, 20 NY2d 377, 382 [1967]). "CPLR 302 (a) (1) jurisdiction is proper 'even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted' " (*Fischbarg v Doucet*, 9 NY3d at 380,

quoting *Deutsche Bank Sec., Inc. v Montana Bd. of Invs.*, 7 NY3d 65, 71 [2006]).

Here, the respondents established, prima facie, that they did not conduct any purposeful activities in New York which bore a substantial relationship to the subject matter of this action, so as to avail themselves of the benefits and protections of this State's laws. In opposition, the appellant failed to raise a triable issue of fact.

The appellant's remaining contentions either are without merit or need not be reached in light of our determination. Rivera, J.P., Roman, LaSalle and Barros, JJ., concur.