■ GLORIA STERN, Plaintiff, v FOUR POINTS BY SHERATON ANN ARBOR HOTEL et al., Defendants. GLORIA STERN, Appellant, v Z.L.C., INC., Doing Business as SHERATON INN ANN HARBOR, et al., Respondents. [19 NYS3d 289]—

Order, Supreme Court, New York County (Anil Singh, J.), entered on or about September 5, 2013, which, to the extent appealed from as limited by the briefs, granted defendant ZLC Inc.'s motion to dismiss the complaint as against it pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction, unanimously affirmed, without costs.

Plaintiff alleges that, while in New York, she reserved a room at the Sheraton Inn Ann Arbor in Ann Arbor, Michigan using an interactive website maintained by Starwood Hotels and Resorts Worldwide, Inc. for Sheraton hotels. During her stay at the Sheraton Inn hotel, which was then owned by defendant ZLC, plaintiff tripped over a walkway in the hotel lobby and fractured her knee. In support of its motion to dismiss, defendant ZLC, a Michigan corporation, submitted evidence that, at the time of the accident, it used the trademark name "Sheraton" pursuant to a license agreement, but had no other hotels and no bank accounts, real estate or other contacts with New York.

Although ZLC's participation in the interactive website for Sheraton hotels may demonstrate that it transacted business in New York, the relationship between ZLC's website activities and plaintiff's negligence action arising from an allegedly defective condition of premises in Michigan is too remote to support the exercise of long-arm or specific jurisdiction under CPLR 302 (a) (1) (see Paterno v Laser Spine Inst., 24 NY3d 370, 377 [2014]; Mejia-Haffner v Killington, Ltd., 119 AD3d 912, 914 [2d Dept 2014]). Long-arm jurisdiction also cannot be asserted under CPLR 302 (a) (3), which applies when a tortious act committed outside the state causes injury within the

state, because plaintiff's injury occurred in Michigan (*see Paterno*, 24 NY3d at 381; *Kramer v Hotel Los Monteros S. A.*, 57 AD2d 756 [1st Dept 1977], *lv denied* 43 NY2d 649 [1978]).

Since plaintiff has not shown that facts may exist to support the exercise of personal jurisdiction over ZLC with respect to her claim arising from a trip-and-fall accident in Michigan, ZLC's motion to dismiss was properly granted without providing plaintiff an opportunity to engage in jurisdictional discovery (*see Peterson v Spartan Indus.*, 33 NY2d 463, 467 [1974]; *Mejia-Haffner v Killington, Ltd.*, 119 AD3d at 915). Concur—Friedman, J.P., Sweeny, Renwick, Andrias and Moskowitz, JJ. [**Prior Case History: 2013 NY Slip Op 32091(U).**]