■ Kurt Leuthner et al., Appellants, v Homewood Suites by Hilton et al., Respondents. [58 NYS3d 437]—

Appeal from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered January 15, 2015. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Kurt Leuthner allegedly sustained injuries in a shower while he was a guest at a hotel known as Homewood Suites by Hilton, which was located in Virginia. Kurt Leuthner, and his wife suing derivatively, commenced this action in the

Supreme Court, Queens County, against Homewood Suites by Hilton, Brantley Hotel Group, and Brantley Enterprises, Inc. The plaintiffs are residents of Queens County. The defendants moved, inter alia, pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction, and the Supreme Court granted that branch of the motion. The plaintiffs appeal.

The ultimate burden of proving a basis for personal jurisdiction rests with the party asserting jurisdiction (*see Daniel B. Katz & Assoc. Corp. v Midland Rushmore, LLC*, 90 AD3d 977, 978 [2011]; *Cornely v Dynamic HVAC Supply, LLC*, 44 AD3d 986, 986 [2007]; *Opticare Acquisition Corp. v Castillo*, 25 AD3d 238, 243 [2005]). However, to defeat a pre-answer motion to dismiss the complaint pursuant to CPLR 3211 (a) (8), the plaintiff need only make a prima facie showing that the defendant was subject to the personal jurisdiction of the court (*see Jacobs v 201 Stephenson Corp.*, 138 AD3d 693, 693-694 [2016]; *Whitcraft v Runyon*, 123 AD3d 811, 812 [2014]; *Daniel B. Katz & Assoc. Corp. v Midland Rushmore, LLC*, 90 AD3d at 978; *Cornely v Dynamic HVAC Supply, LLC*, 44 AD3d at 986).

CPLR 302 grants New York courts jurisdiction over nondomiciliaries when the action arises out of the nondomiciliaries' "transact[ion of] any business within the state" (CPLR 302 [a] [1]). "In order to determine whether personal jurisdiction exists under CPLR 302 (a) (1), a court must determine (1) whether the defendant transacted business in New York and, if so, (2) whether the cause of action asserted arose from that transaction" (*Fernandez v DaimlerChrysler, AG.*, 143 AD3d 765, 767 [2016]; *see D & R Global Selections, S.L. v Bodega Olegario Falcon Pineiro*, 29 NY3d 292, 296-297 [2017]; *Licci v Lebanese Can. Bank, SAL*, 20 NY3d 327, 334 [2012]; *Fischbarg v Doucet*, 9 NY3d 375, 380 [2007]; *Deutsche Bank Sec., Inc. v Montana Bd. of Invs.*, 7 NY3d 65, 71 [2006]). "Whether a defendant has transacted business within New York is determined under the totality of the circumstances, and rests on whether the defendant, by some act or acts, has 'purposefully avail[ed] itself of the privilege of conducting activities within [New York]' " (*Paradigm Mktg. Consortium, Inc. v Yale New Haven Hosp., Inc.*, 124 AD3d 736, 737 [2015], quoting *Ehrenfeld v Bin Mahfouz*, 9 NY3d 501, 508 [2007]; *see Bloomgarden v Lanza*, 143 AD3d 850, 851 [2016]). Further, in order to satisfy the second prong of the jurisdictional inquiry, there must be an "articulable nexus" (*McGowan v Smith*, 52 NY2d 268, 272 [1981]), or a "substantial relationship" (*Kreutter v McFadden Oil Corp.*, 71 NY2d 460, 467 [1988]), between a defendant's in-state activity and the cause

of action asserted (*see D & R Global Selections, S.L. v Bodega Olegario Falcon Pineiro*, 29 NY3d at 296-297; *Licci v Lebanese Can. Bank, SAL*, 20 NY3d at 339; *Pichardo v Zayas*, 122 AD3d 699, 701 [2014]).

Here, the plaintiffs failed to make a prima facie showing that the defendants transacted business in New York. The plaintiffs did not rebut the evidence submitted by the defendants demonstrating that (1) the defendant Brantley Enterprises, Inc., which does business under the name Brantley Hotel Group (also named as a defendant), managed the subject hotel, which was known as Homewood Suites by Hilton (also named as a defendant), and (2) Brantley Enterprises, Inc., was a Virginia corporation with its principal office in Virginia, which did not conduct business or maintain any offices outside Virginia, and was not affiliated with any New York hotels. The plaintiffs also did not rebut the evidence demonstrating that the subject hotel was owned by nonparty Suite Venture Associates, LLC, a Virginia limited liability company with its principal office in Virginia, which did not conduct business or maintain any offices outside Virginia, and was not affiliated with any New York hotels. Contrary to the plaintiffs' contention, even if there were other, separate hotels operating in New York under the licensed or franchised name Homewood Suites by Hilton, the plaintiffs failed to demonstrate that the defendants purposefully availed themselves of the privilege of conducting business in New York. Moreover, accepting as true the plaintiffs' allegation that the defendants were involved in maintaining or operating a website that permitted consumers in New York to make reservations at the subject hotel in Virginia, they failed to make a prima facie showing that there was a substantial relationship between the causes of action asserted in the complaint and any alleged transaction of business through that website (*see Stern v Four Points by Sheraton Ann Arbor Hotel*, 133 AD3d 514 [2015]; *Mejia-Haffner v Killington, Ltd.*, 119 AD3d 912, 914 [2014]; *Sedig v Okemo Mtn.*, 204 AD2d 709 [1994]; *see also Pichardo v Zayas*, 122 AD3d at 702).

The plaintiffs also failed to make a prima facie showing that personal jurisdiction exists under CPLR 302 (a) (4) based on ownership, use, or possession of any real property within the state (*see Hopstein v Cohen*, 143 AD3d 859, 860 [2016]).

Furthermore, contrary to their contention, the plaintiffs have not made " 'a sufficient start' " to warrant holding this branch of the defendants' motion in abeyance while discovery is conducted on the issue of jurisdiction (*Mejia-Haffner v Killington, Ltd.*, 119 AD3d at 915, quoting *Shore Pharm. Provid-*

*ers, Inc. v Oakwood Care Ctr., Inc.*, 65 AD3d 623, 624 [2009]). The plaintiffs have not alleged facts which would support personal jurisdiction under either CPLR 302 (a) (1) or (4), and thus have failed to indicate how further discovery might lead to evidence showing that personal jurisdiction exists here (*see Chen v Guo Liang Lu*, 144 AD3d 735, 738 [2016]; *Mejia-Haffner v Killington, Ltd.*, 119 AD3d at 915; *Lang v Wycoff Hgts. Med. Ctr.*, 55 AD3d 793, 794 [2008]; *Lancaster v Colonial Motor Frgt. Line*, 177 AD2d 152, 159 [1992]).

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction.

The defendants' remaining contentions need not be addressed in light of our determination. Balkin, J.P., Hall, Hinds-Radix and Connolly, JJ., concur. 