Grandelli v Hope St. Holdings, LLC (2019 NY Slip Op 07386)





Grandelli v Hope St. Holdings, LLC


2019 NY Slip Op 07386


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2017-02453
 (Index No. 503396/16)

[*1]Louis Grandelli, etc., et al., plaintiffs-respondents,
v
Hope Street Holdings, LLC, et al., defendants-respondents, Warner Electric Europe SAS, appellant, et al., defendant.


Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Ezra H. Alter and David Katzenstein of counsel), for appellant.
Gair, Gair, Conason, Rubinowitz, Bloom, Hershenhorn, Steigman & Mackauf, New York, NY (D. Allen Zachary and Richard M. Steigman of counsel), for plaintiffs-respondents.
Gartner + Bloom, P.C., New York, NY (Anne E. Armstrong of counsel), for defendant-respondent P & W Elevator, Inc.
Lester Schwab Katz & Dwyer, LLP, New York, NY (Cristen R. Sommers of counsel), for defendant-respondent Le Groupe Manufacturier, D'Ascenseurs Global Tardif, Inc.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the defendant Warner Electric Europe SAS appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated February 10, 2017. The order, insofar as appealed from, denied that defendant's motion pursuant to CPLR 3211(a)(8) to dismiss the amended complaint and all cross claims insofar as asserted against it for lack of personal jurisdiction.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motion of the defendant Warner Electric Europe SAS pursuant to CPLR 3211(a)(8) to dismiss the complaint and all cross claims insofar as asserted against it is granted.
The plaintiffs, Louis Grandelli, as administrator of the estate of Eran Modan, and Raya Ostrizki, a relative of Modan, commenced this wrongful death action against the defendants, alleging that Modan died as a result of an elevator malfunction at 156 Hope Street in Brooklyn when he was attempting to exit the elevator.
As is relevant to this appeal, the defendant Warner Electric Europe SAS (hereinafter Warner Europe) is a French company which manufactured the brakes that were incorporated as component parts into the subject elevator's A.C. drive, a device that controls the speed of the electrical motor in the elevator. Warner Europe moved pursuant to CPLR 3211(a)(8) to dismiss the amended complaint and all cross claims insofar as asserted against it for lack of personal jurisdiction. [*2]In an order dated February 10, 2017, the Supreme Court denied the motion with leave to renew after further discovery. Warner Europe appeals.
The plaintiffs' contention that Warner Europe is subject to personal jurisdiction pursuant to CPLR 302(a)(3)(ii) is without merit. Conferral of long-arm jurisdiction in New York as set forth in that provision requires (1) that the defendant committed a tortious act outside the State; (2) that the cause of action arises from that act; (3) that the act caused injury to a person or property within the State; (4) that the defendant expected or should reasonably have expected the act to have consequences in the State; and (5) that the defendant derived substantial revenue from interstate or international commerce (see CPLR 302[a][3][ii]; Fantis Foods v Standard Importing Co., 49 NY2d 317, 324-325; Murdock v Arenson Intl. USA, 157 AD2d 110, 113-114).
Here, the Supreme Court should have granted Warner Europe's motion pursuant to CPLR 3211(a)(8) to dismiss the amended complaint and all cross claims insofar as asserted against it for lack of personal jurisdiction because it established that it did not expect or reasonably should have expected its production of brakes to have consequences in New York. This element—contemplating in-State consequences—is met when "[t]he nonresident tortfeasor . . . expect[s], or ha[s] reason to expect, that his or her tortious activity [outside of New York] State will have direct consequences in New York" (Ingraham v Carroll, 90 NY2d 592, 598). The element "is intended to ensure some link between a defendant and New York State to make it reasonable to require a defendant to come to New York to answer for tortious conduct committed elsewhere" (id. at 598). Warner Europe established that it does not sell the elevator brakes it manufactures in France to any customers in New York or contract with any other company to distribute its elevator brakes to customers in New York. Instead, it sells its elevator brakes as component parts to other manufacturers which incorporate them into A.C. drives, which are then sold to other manufacturers that incorporate the A.C. drives containing the elevator brakes into elevator systems. Warner Europe also established that it has no knowledge of the end users of the elevator brakes, and that it does not sell replacement elevator brakes or component parts to the end-user customers who purchased the elevators into which they were incorporated. Warner Europe also established that its products were neither sold nor advertised online. Finally, Warner Europe showed that it has no real or personal property in New York, no registered agent or telephone number in New York, and no bank or investment account in New York, and that it does not advertise in New York. Thus, the record does not support a finding that Warner Europe knew or reasonably should have known that its manufacture and sale of elevator brakes would have a direct consequence in New York (see Murdock v Arenson Intl. USA, 157 AD2d at 113-114; Martinez v American Std., 91 AD2d 652, 654, affd 60 NY2d 873) such that long-arm jurisdiction could be exercised.
Moreover, the plaintiffs and the defendants that opposed Warner Europe's motion to dismiss did not make a showing of a "sufficient start" to warrant the denial of the motion (Leuthner v Honewood Suites by Hilton, 151 AD3d 1042, 1044 [internal quotation marks omitted]). There is no basis to allow discovery to be conducted on the issue of personal jurisdiction since the opposing parties did not allege any facts which, if proven, would establish that Warner Europe may be subject to personal jurisdiction in New York (see id. at 1044-1045; Chen v Guo Liang Lu, 144 AD3d 735, 738).
MASTRO, J.P., BALKIN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court