Peldman v Kalahari Resorts, LLC (2022 NY Slip Op 05281)

Peldman v Kalahari Resorts, LLC

2022 NY Slip Op 05281

Decided on September 27, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 27, 2022

Before: Webber, J.P., Kern, Singh, Moulton, Shulman, JJ. 

Index No. 161385/19 Appeal No. 16261 Case No. 2021-03197 

[*1]Adam Peldman, Plaintiff-Appellant,
v
Kalahari Resorts, LLC, et al., Defendants-Respondents, "John Doe" #1-10, etc., et al., Defendants.

Held & Hines, L.L.P., Brooklyn (Marc J. Held of counsel), for appellant.
Cartafalsa Turpin & Lenoff, New York (Renee E. DeMott of counsel), for respondents.

Order, Supreme Court, New York County (Phillip Hom, J.), entered August 16, 2021, which granted the motion of defendants Kalahari Resorts, LLC, Kalahari Resorts, RE, Kalahari Resorts, PA, LLC, Kalahari Resorts and Conventions, Kalahari Management Co., LLC, Kalahari Properties, LLC, and LMN Development, LLC (collectively, the Kalahari defendants) to dismiss the complaint based on lack of personal jurisdiction, unanimously affirmed, without costs.
The Kalahari defendants did not invoke the benefits and protections of New York's laws under CPLR 302(a)(1), as their activities alleged in the complaint were insufficient to demonstrate that they purposefully availed themselves of the privilege of conducting business in New York (see Paterno v Laser Spine Inst., 24 NY3d 370, 376 [2014]). Their participation in the Macy's Thanksgiving Parade was insubstantial and not necessarily directed to solicit business in New York, since the parade was a nationally televised event viewed by residents of states throughout the country. Moreover, solicitation of business alone does not justify a finding of corporate presence in New York by a foreign purveyor of services (see Laufer v Ostrow, 55 NY2d 305, 310 [1982]). Similarly, the Kalahari defendants' operation and maintenance of an interactive website through which plaintiff purchased a room at their facility was too remote to support the exercise of long-arm or specific jurisdiction over them (see Stern v Four Points by Sheraton Ann Arbor Hotel, 133 AD3d 514, 514 [1st Dept 2015]).
Nor does New York have jurisdiction based on the situs of the alleged injury under CPLR 302(a)(3). Although plaintiff allegedly received bedbug bites when he arrived home in New York, the bedbugs lodged in his belongings while he was staying at the Kalahari defendants' facility in Pennsylvania. Thus, the event giving rise to the injury — namely, the bedbug infestation itself — actually occurred in Pennsylvania, not in New York, and CPLR 302(a)(3) therefore does not confer jurisdiction (see Paterno, 24 NY3d at 381; Marie v Altshuler, 30 AD3d 271, 272 [1st Dept 2006]).
We have considered plaintiff's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 27, 2022