■ CHERYLE MENARY, Appellant, v OUTWARD BOUND, INC., Defendant, and HURRICANE ISLAND OUTWARD BOUND SCHOOL, Respondent. [692 NYS2d 683] —In an action to recover damages

for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (DiBlasi, J.), dated April 21, 1998, as granted that branch of the motion of the defendants Outward Bound, Inc., and Hurricane Island Outward Bound School which was to dismiss the complaint insofar as asserted against the defendant Hurricane Island Outward Bound School on the ground of lack of personal jurisdiction.

Ordered that the order is affirmed insofar as appealed from, with costs.

We agree with the Supreme Court that personal jurisdiction was not acquired over the defendant Hurricane Island Outward Bound School (hereinafter Hurricane Island). The Supreme Court correctly concluded that jurisdiction was not obtained under CPLR 301 since Hurricane Island was not a "mere department" of Outward Bound (*see, Delagi v Volkswagenwerk AG.,* 29 NY2d 426; *Taca Intl. Airlines v Rolls-Royce of England,* 15 NY2d 97, 102), and Outward Bound did not function as its agent for jurisdictional purposes (*see, Frummer v Hilton Hotels Intl.,* 19 NY2d 533, 537, *cert denied* 389 US 923; *Pappas & Marshall v Ross Logistics,* 222 AD2d 424, 425). We also find that the plaintiff's claim is too remote from the activities of the defendant Hurricane Island in New York to support long-arm jurisdiction under CPLR 302 (a) (1) (*see, Sedig v Okemo Mtn.,* 204 AD2d 709; *Chamberlain v Jiminy Peak,* 155 AD2d 768, 769).

The plaintiff's remaining contention does not require reversal. Bracken, J. P., Ritter, Altman and Friedmann, JJ., concur.