■ CONGREGATION BETH SHALOM OF KINGSBAY, Respondent, v LEV BAIS YAAKOV et al., Defendants, and PHILADELPHIA INSURANCE COMPANIES, Appellant. [13 NYS3d 518]—

In an action, inter alia, to recover damages for injury to property and breach of contract, the defendant Philadelphia Insurance Companies appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schack, J.),

dated February 25, 2013, as denied those branches of its motion which were for summary judgment dismissing the complaint insofar as asserted against it and pursuant to CPLR 3126 (3) to strike the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff rented a portion of a building it owns to the defendant Lev Bais Yaakov (hereinafter LBY) for use as a religious school. The plaintiff alleges that in August 2008, LBY, through its contractor, built a new classroom on the roof of the building without the plaintiff's knowledge or consent. The plaintiff further alleges that the negligent and deficient construction of the classroom damaged the roof and resulted in damage to the interior of the building when rainwater entered through the damaged roof. The building was insured by the defendant Philadelphia Insurance Companies (hereinafter PIC), which denied coverage, relying on an exclusion in the policy for "damage caused by or resulting from . . . [f]aulty, inadequate, or defective . . . [d]esign, specifications, workmanship, repair, construction, renovation, [or] remodeling . . . of part or all of the property on or off the described premises."

The plaintiff commenced this action against, among others, LBY to recover damages for injury to property, and PIC alleging breach of the insurance contract. PIC subsequently moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it and pursuant to CPLR 3126 (3) to strike the complaint insofar as asserted against it. The Supreme Court denied the motion.

"[U]nambiguous provisions of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such provisions is a question of law for the court" (*White v Continental Cas. Co.*, 9 NY3d 264, 267 [2007] [citation omitted]). Where an " 'agreement on its face is reasonably susceptible of only one meaning, a court is not free to alter the contract to reflect its personal notions of fairness and equity' " (*id.* at 267, quoting *Greenfield v Philles Records*, 98 NY2d 562, 569-570 [2002]). However, if the terms of the policy are ambiguous, "any ambiguity must be construed in favor of the insured and against the insurer" (*White v Continental Cas. Co.*, 9 NY3d at 267). Moreover, "policy exclusions are given a strict and narrow construction" (*Belt Painting Corp. v TIG Ins. Co.*, 100 NY2d 377, 383 [2003]). " '[T]o negate coverage by virtue of an exclusion, an insurer must establish that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case' " (*id.* at

383, quoting *Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 652 [1993]).

Here, PIC failed to establish its prima facie entitlement to judgment as a matter of law, as it failed to demonstrate that the damage to the building is not covered under the policy. Contrary to PIC's contention, its submissions failed to eliminate a triable issue of fact as to whether the cause of the damage was vandalism, which would be covered under the "all risk" policy, rather than faulty workmanship (*see Georgitsi Realty, LLC v Penn-Star Ins. Co.*, 21 NY3d 606, 611-612 [2013]; *Garnar v New York Cent. Mut. Fire Ins. Co.*, 96 AD3d 715, 716 [2012]; *Wai Kun Lee v Otsego Mut. Fire Ins. Co.*, 49 AD3d 863, 865 [2008]). Accordingly, the Supreme Court properly denied that branch of PIC's motion which was for summary judgment dismissing the complaint insofar as asserted against it, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Further, the Supreme Court properly denied that branch of PIC's motion which was pursuant to CPLR 3126 (3) to strike the complaint insofar as asserted against it, since PIC failed to submit an affirmation of good faith pursuant to 22 NYCRR 202.7 (a) (2) (*see Perez v Stonehill*, 121 AD3d 960, 961 [2014]; *30-40 E. Main St. Bayshore, Inc. v Republic Franklin Ins. Co.*, 115 AD3d 737, 738 [2014]; *Matter of Greenfield v Board of Assessment Review for Town of Babylon*, 106 AD3d 908, 908 [2013]). Skelos, J.P., Dillon, Duffy and LaSalle, JJ., concur.