◼ Isaac Pardo, Respondent, v O'Halleran Family Chiropractic, Defendant, and Michael O'Halleran, D.C., Appellant. [16 NYS3d 781]—In an action to recover damages for medical malpractice, the defendant Michael O'Halleran appeals, as limited by his brief, from so much an order of the Supreme Court, Nassau County (Sher, J.), dated December 3, 2013, as denied those branches of his motion which were for summary judgment dismissing the complaint insofar as asserted against him or, in the alternative, to strike the plaintiff's claim for lost earnings, and to compel discovery.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied that branch of the motion of the defendant Michael O'Halleran (hereinafter the appellant) which was for summary judgment dismissing the complaint insofar as asserted against him. In response to the

appellant's prima facie showing of his entitlement to judgment as a matter of law, the plaintiff raised triable issues of fact as to whether the appellant's chiropractic treatment caused the plaintiff's injury (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Colao v St. Vincent's Med. Ctr.*, 65 AD3d 660, 662 [2009]).

Additionally, the Supreme Court properly denied that branch of the appellant's motion which was, in the alternative, to strike the plaintiff's claim for lost earnings since the appellant failed to establish, prima facie, that the plaintiff would be unable to establish lost earnings with reasonable certainty (*see Proulx v Entergy Nuclear Indian Point 2, LLC*, 98 AD3d 492, 493 [2012]; *Deans v Jamaica Hosp. Med. Ctr.*, 64 AD3d 742, 744 [2009]; *Karwacki v Astoria Med. Anesthesia Assoc., P.C.*, 23 AD3d 438 [2005]; *Davis v City of New York*, 264 AD2d 379 [1999]; *see also Johnston v Colvin*, 145 AD2d 846, 848 [1988]). Since the appellant failed to establish his prima facie entitlement to judgment as a matter of law dismissing the claim for lost earnings, we need not consider the sufficiency of the plaintiff's opposition papers on this issue (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Finally, the appellant failed to provide the required affirmation of good faith effort to resolve the parties' discovery disputes and, therefore, the Supreme Court properly denied that branch of the appellant's motion which was to compel discovery (*see* 22 NYCRR 202.7 [a] [2]; *Deutsch v Grunwald*, 110 AD3d 949 [2013]; *Matter of Greenfield v Board of Assessment Review for Town of Babylon*, 106 AD3d 908 [2013]; *Martinez v 1261 Realty Co., LLC*, 121 AD3d 955, 956 [2014]). Leventhal, J.P., Chambers, Austin and Miller, JJ., concur.