■ DAVID ANTHONY FERNANDEZ, Individually and as Executor of JANIS ANNE FERNANDEZ, Deceased, Appellant, v DAIMLER-CHRYSLER, AG., Respondent, et al., Defendants. [40 NYS3d 128]—

In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals (1) from an order of the Supreme Court, Rockland County (Kelly, J.), dated July 21, 2014, which granted the motion of the defendant DaimlerChrysler, AG., pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against it and, in effect, denied his application to compel further discovery on the issue of jurisdiction and to sanction DaimlerChrysler, AG., for its alleged failure to comply with certain discovery demands, and (2), as limited by his brief, from so much of an order of the same court dated February 19, 2015, as, in effect, upon renewal, adhered to the original determination.

Ordered that the appeal from the order dated July 21, 2014, is dismissed, as that order was superseded by the order dated February 19, 2015, made upon renewal; and it is further,

Ordered that the order dated February 19, 2015, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant DaimlerChrysler, AG.

On August 8, 2004, Janis Anne Fernandez (hereinafter the decedent) sustained serious injuries when she lost control of her 2003 Jeep Liberty while driving in Pennsylvania. On June 18, 2006, she died of her injuries. In June 2007, the plaintiff, individually and as executor of the decedent's estate, commenced this wrongful death action sounding in, inter alia, strict products liability and negligence against, among others, DaimlerChrysler, AG. (hereinafter Daimler), a German corporation that manufactures Mercedes-Benz vehicles in Germany. The plaintiff alleged that the decedent lost control of the subject vehicle due to allegedly defective ball joints and front lower control arms.

Daimler moved pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against it on the ground that the Supreme Court lacked personal jurisdiction over it. The court held the motion in abeyance while the parties conducted discovery on the issue of liability. Following the exchange of discovery, the plaintiff opposed Daimler's motion, and requested that the court compel further discovery on the issue of jurisdiction, or in the alternative, sanction Daimler for its alleged failure to properly respond to his discovery requests. The court granted Daimler's motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against it and, in effect, denied the plaintiff's application to compel further discovery or, in the alternative, for sanctions. The plaintiff moved, inter alia, for leave to renew his opposition to Daimler's motion to dismiss the complaint insofar as asserted against it. The court, in effect, granted renewal and, upon renewal, adhered to its prior determination. The plaintiff appeals.

" 'A foreign corporation is amenable to suit in New York courts under CPLR 301 if it has engaged in such a continuous and systematic course of doing business here that a finding of its presence in this jurisdiction is warranted' " (*Goel v Ramachandran*, 111 AD3d 783, 786 [2013], quoting *Landoil Resources Corp. v Alexander & Alexander Servs.*, 77 NY2d 28, 33 [1990] [internal quotation marks omitted]). Any exercise of jurisdiction over a foreign corporation on the basis of state law must comport with the due process requirement that "the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State' " (*Daimler AG v Bauman*, 571 US —, 134 S Ct 746, 751 [2014], quoting *Goodyear Dunlop Tires Operations, S.A. v Brown*, 564 US 915, 919 [2011]). Here, in opposition to Daimler's motion to dismiss the complaint insofar as asserted against it, the plaintiff failed to establish, prima facie, that the activities of Daimler in New York subjected it to the personal jurisdiction of the Supreme Court pursuant to CPLR 301 (*see Magdalena v Lins*, 123 AD3d 600, 601 [2014]; *Rachel's Children Reclamation Found., Inc. v Elon*, 49 Misc 3d 1208[A], 2015 NY Slip Op 51516[U] [Sup Ct, Kings County 2015]). Contrary to the plaintiff's contention, exercising general jurisdiction over Daimler does not comport with due process (*see Daimler AG v Bauman*, 571 US —, 134 S Ct at 759-760; *Goodyear Dunlop Tires Operations, S.A. v Brown*, 564 US at 919). Accordingly, the court properly determined that it could not exercise personal jurisdiction over Daimler pursuant to CPLR 301.

The Supreme Court also properly determined that it could

not exercise personal jurisdiction over Daimler pursuant to CPLR 302 (a) (1). CPLR 302 (a) (1) grants New York courts jurisdiction over nondomiciliaries when the action arises out of the nondomiciliaries' "transact[ion of] any business within the state" (CPLR 302 [a] [1]). In order to determine whether personal jurisdiction exists under CPLR 302 (a) (1), a court must determine (1) whether the defendant transacted business in New York and, if so, (2) whether the cause of action asserted arose from that transaction (see *Licci v Lebanese Can. Bank, SAL*, 20 NY3d 327, 334 [2012]; *Fischbarg v Doucet*, 9 NY3d 375, 380 [2007]; *Deutsche Bank Sec., Inc. v Montana Bd. of Invs.*, 7 NY3d 65, 71 [2006]). In order to satisfy the second prong of the jurisdictional inquiry, there must be an "articulable nexus" (*McGowan v Smith*, 52 NY2d 268, 272 [1981]), or a "substantial relationship" (*Kreutter v McFadden Oil Corp.*, 71 NY2d 460, 467 [1988]), between a defendant's in-state activity and the cause of action asserted (see *Licci v Lebanese Can. Bank, SAL*, 20 NY3d at 339; *Pichardo v Zayas*, 122 AD3d 699, 701 [2014]).

Here, the plaintiff failed to establish, prima facie, that Daimler conducted purposeful activities in New York which bore a "substantial relationship" or an "articulable nexus" to the subject matter of this action (see *Johnson v Ward*, 4 NY3d 516, 520 [2005]; *Okeke v Momah*, 132 AD3d 648, 650 [2015]; *Pichardo v Zayas*, 122 AD3d at 701; *Armouth Intl. v Haband Co.*, 277 AD2d 189, 191 [2000]; *Menary v Outward Bound*, 262 AD2d 616, 617 [1999]). Daimler did not manufacture the subject vehicle or the allegedly defective parts of the subject vehicle, or sell the subject vehicle to the decedent. Additionally, the plaintiff failed to establish that any activities conducted by Daimler in New York had an "articulable nexus" or a "substantial relationship" to any of the recalls that were issued on the allegedly defective parts of the subject vehicle. Since the plaintiff failed to demonstrate, prima facie, that the causes of action asserted in the complaint arose from any of Daimler's activities in New York, the Supreme Court was not authorized to exercise personal jurisdiction over Daimler pursuant to CPLR 302 (a) (1).

Contrary to the plaintiff's contention, he failed to establish that he was entitled to further discovery from Daimler on the issue of jurisdiction, or in the alternative, for sanctions due to Daimler's alleged failure to properly and fully respond to his discovery requests, because he failed to provide the required affirmation of good faith to resolve the parties' discovery disputes (see 22 NYCRR 202.7 [c]; *Pardo v O'Halleran Family*

*Chiropractic*, 131 AD3d 1214, 1215 [2015]; *Congregation Beth Shalom of Kingsbay v Yaakov*, 130 AD3d 769, 771 [2015]; *Baez v Sugrue*, 300 AD2d 519, 521 [2002]).

Accordingly, the Supreme Court properly granted Daimler's motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against it based on lack of personal jurisdiction, and, in effect, properly denied the plaintiff's request to compel further discovery and for sanctions.

Finally, the Supreme Court, upon renewal, properly adhered to its original determination. Even considering the alleged new facts submitted in support of the motion, the plaintiff failed to show that the court could exercise personal jurisdiction over Daimler (*see* CPLR 2221 [e] [2]; *see generally Wells Fargo Bank, N.A. v Tricarico*, 139 AD3d 722 [2016]). Dillon, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.