Siegel v Glassman (2018 NY Slip Op 00324)





Siegel v Glassman


2018 NY Slip Op 00324


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2015-08553
 (Index No. 8842/12)

[*1]Steven S. Siegel, appellant, 
v
Adam Glassman, et al., respondents.


Sweetbaum & Sweetbaum, Lake Success, NY (Marshall D. Sweetbaum and Steven S. Siegel, pro se, of counsel), for appellant.
Alan C. Glassman, Lynbrook, NY (Adam D. Glassman, sued herein as Adam Glassman, pro se, of counsel), for respondents.



DECISION & ORDER
Appeal from an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered July 21, 2015. The order granted the defendants' motion for leave to renew and reargue their opposition to the plaintiff's prior motion pursuant to CPLR 3126 to strike the answer and, upon renewal and reargument, vacated the determination in an order of that court entered May 5, 2015, granting the prior motion, and thereupon denied the prior motion.
ORDERED that the order entered July 21, 2015, is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for leave to renew their opposition to the plaintiff's prior motion pursuant to CPLR 3126 to strike the answer, and substituting therefor a provision denying that branch of the motion; as so modified, the order entered July 21, 2015, is affirmed, with costs to the defendants.
In July of 2012, the plaintiff commenced this action to recover damages for breach of contract. In July of 2014, the plaintiff moved, inter alia, to compel the defendants to comply with a preliminary conference order dated April 3, 2014. In an order entered October 14, 2014, the Supreme Court granted the plaintiff's motion to the extent of directing the defendants to produce certain discovery within 30 days of the order. In January 2015, the plaintiff moved pursuant to CPLR 3126 to strike the answer based on the defendants' failure to comply with the order entered October 14, 2014. In opposition to the motion, the defendants furnished the outstanding discovery. In an order entered May 5, 2015, the court, among other things, granted the plaintiff's motion to strike the answer. Thereafter, the defendants moved for leave to renew and reargue their opposition to the plaintiff's motion to strike the answer. In an order entered July 21, 2015, the court granted the defendants' motion, and upon renewal and reargument, vacated the determination in the order entered May 5, 2015, granting the plaintiff's prior motion to strike the answer, and thereupon denied the prior motion.
The Supreme Court should have denied that branch of the defendants' motion which was for leave to renew, since the additional facts offered by the defendants were known to them at [*2]the time of the original motion and the defendants failed to set forth a reasonable justification for failing to present those facts at the time of the prior motion (see CPLR 2221[e]; Federal Natl. Mtge. Assn. v Sakizada, 153 AD3d 1236; DLJ Mtge. Capital, Inc. v David, 147 AD3d 1024, 1026-1027; Mount Sinai Hosp. v Country Wide Ins. Co., 85 AD3d 1136, 1138).
However, the Supreme Court providently exercised its discretion in granting that branch of the defendants' motion which was for leave to reargue their opposition to the plaintiff's motion to strike the answer, since the defendants demonstrated that the court previously misapprehended the facts and applicable law in determining the prior motion (see CPLR 2221[d]). Further, upon reargument, the court properly denied the plaintiff's motion. The plaintiff failed to provide an affirmation of a good-faith effort to resolve the purported discovery dispute as required by 22 NYCRR 202.7, necessitating denial of its motion (see Pardo v Family Chiropractic, 131 AD3d 1214; Quiroz v Beitia, 68 AD3d 957, 960; Fanelli v Fanelli, 296 AD2d 373). Accordingly, upon reargument, the court properly vacated the determination in the order entered May 5, 2015, granting the plaintiff's prior motion, and, thereupon, denied the prior motion.
RIVERA, J.P., AUSTIN, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court